## N. S. Cheek v. D. C. Bellows and Wife.

Where the husband is absent, leaving no one else authorized to take care of the common property, the wife has the implied authority to do so.

Where the husband is absent, there is no reason or rule of law, that would prohibit the wife from making such contracts respecting the community property, as are necessary for its preservation, and the support of herself and children.

Where the husband kept a hotel, which was the common property of himself and wife, and being arrested for crime, broke jail and escaped ; and the wife, alleging that she was in a state of destitution, rented the hotel for a year for a reasonable rent in money and board for herself and children, it was held that she had authority to do so, and that the contract was such as the circumstances justified.

Where the circumstances exist which give the wife authority to make contracts during the absence of the husband from his home, it would seem that her contracts may be proved or acknowledged in the same manner as those of a *feme sole*, and that a privy examination is not essential to give them effect.

Appeal from Lavaca. Tried below before the Hon. Fielding Jones.

The lease was as follows :

The State of Texas, County of Lavaca. Article of agreement made and entered into between N. S. Cheek of the first part, and Mary H. Bellows of the second part, both parties of county and State aforesaid, witnesseth, that the said Mary H. Bellows has this day rented to the said Cheek the hotel in the town of Hallettsville, known as the Hicks hotel, together with all the furniture and appliances of said hotel and the stables, gardens, lots, &c., appertaining to the same, for the term of one year from the 16th day of the present month ; and the said Mary H. Bellows has also hired to the said Cheek two negro slaves, to-wit : Austin, a negro man, and Elvira, a negro woman, for the term of one year, from said 16th day of June, inst,

upon which day possession of said property and slaves is to be delivered.    And the said N. S. Cheek obligates himself to pay to the said Mary H. Bellows, for the rent and hire of said premises and slaves, the sum of two  hundred dollars on the 16th day of December, A. D. 1856, and  the  further  sum of three hundred and twenty-five dollars on  the 16th day of  June, A. D. 1857.    He also obligates  himself  to furnish  to Mary H. Bellows, the room in said hotel, now occupied by her as a family room, it being the most southern room, fronting on the public square, and also board her and her two  younger  children, and wash for them during the term of said renting and  hiring as above  stated, all of  which  said services by the said Cheek are in consideration of said renting and hiring as stated above ; and the said Cheek binds himself  to  take  good care of  said premises and treat said slaves  well  during said  time and to clothe said negroes, and to  pay  their physician's bills during said time and to return said  premises  in  good  condition and repair, at the close of  said  time, to  said  Mary  H. Bellows. Dated June 12th, 1856.   Signed and sealed by the said parties, using scrawls for seals.    No privy acknowledgment.

    This proceeding for  forcible entry and  detainer was commenced July 12th, 1856.

    The statement of  facts was as follows :

    Plaintiffs offered to prove possession at the time of  alleged trespass, which  defendant admitted.    Plaintiffs made profert of a deed of  conveyance to  D. C. Bellows and Mary H., his wife from A. W. Hicks and rested their case.

    Defendant proved by John McKinnney that D. C. Bellows was in his custody as Sheriff of the county, charged with having committed an assault with intent to kill, and that said Bellows had made his escape from the jail at  Hallettsville, in the county of Lavaca, where he was confined, and left the neighborhood, and on the 12th of  June, 1856, the time  the alleged agreement was entered into, was a fugitive from justice and eluded the process of law.

W. J. Howerton testified that Mrs. Bellows came to him, and representing herself and family to be in a state of destitution, (which he, Howerton knew to be true,) asked his advice with regard to the value of the premises, and what would be a fair rent for the same for the period of one year ; that it was imperatively necessary that she should make some disposition of the property in order to support herself and children, as her husband had abandoned her ; that the next day she had rented the premises to N. S. Cheek for five hundred and twenty-five dollars, and he, Cheek, to board her and her two children.

Defendant then offered in testimony an agreement of lease from Mary H. Bellows, the plaintiff and the wife of D. C. Bellows, to N. S. Cheek, executed on the 13th day of June, A. D. 1856, to which plaintiffs' attorney objected that the instrument was not signed by her husband, and under seal or acknowledged before an officer, authorized by statute to take the acknowledgment of married women, and further that the facts of the case did not prove such desertion on the part of Bellows, as would authorize his wife to contract in her own name and without his consent ; which objection the Court sustained, and the defendant by counsel excepted ; and the case was submitted to the jury, who returned a verdict for plaintiff, &c.

*J. W. Harris,* for appellant, cited Wright v. Hays, 10 Tex. R. 134.

*W. T. Rogers,* for appellee, argued that the case of Wright v. Hays was not in point. In that case the husband had abandoned his wife and the country for more than five years, and the wife had a general power of attorney to transact his business.

LIPSCOMB, J. This was an action brought by appellees

against the appellant, for a forcible entry and detainer. There were a verdict and judgment for the plaintiffs in the Justice's Court, and the case was taken by a *certiorari* to the District Court, where it was tried and a like verdict and judgment, from which an appeal was taken to this Court.

It appears from the bill of exceptions and statement of facts, that the appellees, husband and wife, were the joint owners of a house and appurtenances in the town of Hallettsville, known as the Hicks house, held by them, by deed to them jointly; that the husband, being committed to the jail of the county, under a charge of an assault with an intent to commit murder, had broken the jail and made an escape, and it was not known where he had fled; that his wife was unable to keep the tavern, and unable to support herself and children, and was in a condition of great destitution; that under such circumstances, she made and executed a lease to the appellant, of the premises, for one year, for a full, valuable and fair consideration. On the trial, the appellant admitted that he was in possession; and attempted to prove that he was in under the lease of the wife, before described, which was rejected by the Court below, on the ground that the wife had no authority to make the lease, to which opinion of the Court the appellant excepted; and this is the only ground of error we propose considering : whether the wife, under such circumstances, could make a valid contract.

As a general rule, the husband has the control and management of both the separate property of the wife and 'the community property ; this will not be controverted : but that this rule is subject to exceptions, has been heretofore declared by this Court; that there should be exceptions seems to be the result of of necessity. In the absence of the husband, leaving no one else authorised to take care of the property, the wife has the implied authority to do so. This was ruled in the case of Blanchet v. Dugat. (5 Tex. R. 455.) In that case, trespass was brought for removing some of the separate property of the wife, in the

Cheek v. Bellows.

absence of the husband, under the direction of the wife; and it was held that the desertion of the wife was a defence to the action. And the doctrine was more fully discussed and emphatically laid down, in the subsequent case of Wright v. Hays, adm'r. (10 Tex. R. 130.) It cannot be doubted that much hardship would result, if the wife could in no case make a valid contract in relation to her separate property, or the community property, in the absence of her husband. She and her children are entitled to a support from the property; and if the husband is absent, there is no reason nor rule of law, that would prohibit the wife from making a contract to meet the necessites of the case. It would be a strong case, that would permit her to go further. In this case it cannot be pretended that the contract of the wife went beyond the emergency of her condition. The lease was for only one year, and amply provided for the necessities of herself and her children; and it cannot be permitted to her, to repudiate the contract by using her husband's name, and appealing to his rights for him and herself, under such circumstances. We believe, therefore, the Court erred in rejecting the evidence offered, and for this error the judgment is reversed and the cause remanded.

Reversed and remanded.