# SUPREME COURT OF TEXAS.

## TYLER TERM, 1874.

---

### Wm. T. McAfee v. J. S. Robertson.

1. New trial.—Where the plaintiff supported his case by his own testimony, and is not contradicted by evidence in behalf of defendant, a verdict of the jury for the defendant should be set aside and a new trial granted.

2. Miscalculation.—A mistake in calculation appearing in the pleadings, and sworn to, does not furnish ground for disregard of the testimony of the party whose attorney made such mistake.

3. Wife's authority to contract in husband's absence.—In a suit for necessary repairs done upon the homestead at request of the wife, during the protracted absence of the husband, it is error to instruct the jury that such contract, to be binding on the husband, must be ratified by him.

Appeal from Rusk. Tried below before the Hon. J. B. Williamson.

In July, 1871, McAfee sued Robertson for work and labor done at his wife's request, setting out the following items:

5,500 new rails----------------------------------------- $55 00
18 days' hauling with wagon and two yoke of oxen,
    and two hands, $5 per day ----------------------- 120 00
Cash, October, 1866------------------------------------- 5 00
1,900 panels of fence reset, 50 cents per hundred
    rails for taking down and putting up------------ 95 00

The petition was sworn to by plaintiff, and service had by publication.

Defendant by attorney pleaded a general denial.

By amendment, plaintiff alleged that the work and labor, &c., was done during the protracted absence of the husband, and that it was done upon the homestead, and was necessary to the profitable cultivation and use of the land, &c.

The plaintiff testified, that in the absence of defendant, his wife agreed with witness that he should do the work for which suit was brought. That the work was done, and its value as stated in the petition; that on Robertson's return he said "it was all right," and promised to settle it in a few days.

The court instructed the jury: "If the plaintiff contracted with the wife of the defendant for the work and labor as stated in the petition, and if the defendant ratified the contract made by the plaintiff and the wife of the defendant, then you will find for the plaintiff the amount said work and labor so ratified has been proved to be worth, and interest." * *

"Before you can find for the plaintiff, you must believe from the evidence that Robertson ratified what had been done by his wife, and was willing to be bound by said contract."

"If the evidence does not show that Robertson agreed to be bound by said contract, you must find for the defendant."

Verdict and judgment for the defendant.

Plaintiff moved for a new trial for the reasons—

1. Because the jury decided against the law and evidence, and—

2d. Because the jury decided against the charge of the court.

The motion was overruled, and appeal prosecuted to this court, the errors assigned being (1) the action of the court overruling the motion for new trial; (2) the court erred in its charge to the jury; and (3) the jury found contrary to the law and evidence.

*Steadman & Bagby*, for appellant, cited Blanchet *v.* Dugat, 5 Tex., 507; Wright *v.* Hays, 10 Tex., 130; Thomas *v.* Chance, 11 Tex., 634; Cheek *v.* Bellows, 17 Tex., 613.

*James H. Jones* and *Martin Casey*, for appellee.

MOORE, ASSOCIATE JUSTICE.—The judgment in this case must be reversed for each of the three grounds presented in the assignment of errors, viz: First, the jury decided contrary to the law and evidence; second, the court erred in not granting a new trial to plaintiff, and in overruling his motion for a new trial; third, the court erred in its charge to the jury, &c.

All of the allegations of the petition are fully and clearly proved by the testimony submitted to the jury on behalf of the plaintiff. This was done, it is true, almost entirely by the unsupported testimony of the plaintiff himself; but there was no conflicting or contradictory evidence on behalf of the defendant tending to rebut anything testified to by him, nor is there anything apparent in the record from which we can say that the jury were authorized to disbelieve his statements and discard his evidence. The inaccuracy in multiplication in his petition, as to one item of his account, evidently an oversight of his attorney, which was corrected in the exhibit, upon which comment has been made by the attorney of appellee, is of no importance and entitled to no consideration.

From the fact that the jury returned a verdict directly contrary to the uncontradicted testimony of the plaintiff, and that the court refused to set it aside, it seems altogether probable that the court, as well as the jury, regarded him as unworthy of belief in a case in which he was directly interested, either from their knowledge of his character for truth and veracity or a like knowledge as to the extravagant and unreasonable nature of the charges made by him for the work and labor for which his suit was instituted.

If so, such facts should have been presented as to justify and support their conclusion, not only that appellant might have had an opportunity to meet and contradict them, if in his power, but also that this court might see that the court below was correct in its action. So long as parties are permitted by law to testify in cases in which they are interested, and they are neither discredited nor contradicted, we see no ground for a total disregard of their testimony more than that of any other witness.

The court instructed the jury that, unless the defendant ratified and agreed to be bound by the contract which had been made by his wife, they must find for the defendant. This instruction, in view of the nature of the contract, the facts and circumstances under which it was made, the protracted absence of defendant before and after it was made, was, we think, clearly erroneous, and in direct conflict with the former decisions of this court in respect to such contracts. (Wright *v.* Hays, 10 Tex., 130; Fullerton *v.* Doyle, 18 Tex., 3; Thomas *v.* Chance, 11 Tex., 634; Cheek *v.* Bellows, 17 Tex., 613.)

For the errors in the charge of the court and verdict of the jury the judgment is reversed.

REVERSED AND REMANDED.