CHRISTIANA URQUHART v. W. B. WOMACK.

*(Case No. 952.)*

1. MARRIED WOMAN — ACKNOWLEDGMENT — PRACTICE. — A married woman intervening in a suit between her husband and another, asserted homestead rights in the land in controversy. She admitted in her pleading the execution of a deed from herself and husband, under which another asserted title to the land, but set up matters in avoidance.

2. No objection was made on the trial below to the deed from the husband and wife on account of any defect in the certificate of acknowledgment. On appeal, it was urged for the first time that the certificate failed to state that "she wished not to retract it." *Held*,

    1. The issues presented were not such as to require the introduction of the deed on the trial below.

2. Married women, when admitted to litigate in their own right, are presumed to have capacity " to conduct the litigation as shall be most conducive to their own advantage."

3. The objection to the certificate of acknowledgment came too late when urged on appeal for the first time.

ERROR from Marion.   Tried below before the Hon. B. T. Estes.

*H. McKay* for plaintiff in error.

No briefs for defendant in error have been received by the reporter.

GOULD, ASSOCIATE JUSTICE.— Womack sued J. M. Urquhart in trespass to try title, claiming the premises sued for under a deed from Urquhart and wife, Christiana, executed February 29, 1876, making the deed an exhibit to his petition.   J. M. Urquhart pleaded general demurrer, general denial, and plea of not guilty.   Christiana Urquhart, the wife, by leave of court intervened, and in her plea, after alleging that the land had been and was the homestead of herself and husband, stated " that she did, on the 29th day of February, A. D. 1876, execute a deed absolute on its face, conveying said land and homestead to the plaintiff, W. B. Womack, jointly with her husband," but claiming that whilst it purported to be an absolute conveyance, it was in truth and fact only a mortgage; and claiming further that she was induced to sign the deed by the fraudulent procurement of her husband and the plaintiff.

On these pleadings and issues, the case was heard by the court without a jury, the result being a judgment for plaintiff Womack for the land against defendant J. M. Urquhart and against the intervenor, Christiana Urquhart, and as against J. M. Urquhart for damages and costs.   The defendant and intervenor united in a motion for new trial, and upon that motion being overruled, both gave notice of appeal.   The appeal, however, was prosecuted by J. M. Urquhart alone, and at the last term of this court the judgment was affirmed as to

him. Afterwards the intervenor Christiana sued out a writ of error, and we are now called on to re-examine the case on errors assigned by her.

In so far as the errors assigned relate to the findings of the court on questions of fact, we see no reason to think that the court committed any error. The principal issue of fact, whether the deed was not in truth a mortgage, was passed upon by this court on the former appeal.

But it is urged that the certificate of acknowledgment of Mrs. Urquhart to the deed of February 29, 1876, is defective in that it fails to state that she wished not to retract it; and hence it is claimed that the court erred in admitting the deed in evidence, and that the judgment was not authorized by the evidence.

We find nowhere in the record anything to indicate that this objection to the deed was in any manner made or called to the attention of the court at any stage of the case. On the other hand, we have seen that the intervenor, in her plea filed by leave of court, expressly admitted the execution of the deed, setting up matter in avoidance, on which she rested her case. The issues presented by her were not such as required the plaintiff to produce the deed in evidence, or to establish her privy acknowledgment.

Married women, who are admitted to litigate in their own right, are presumed to have the capacity "to conduct the litigation as shall be most conducive to their own advantage." Cayce *v.* Powell, 20 Tex., 771; Baxter *v.* Dear, 24 Tex., 21; Laird *v.* Thomas, 22 Tex., 281; Webb *v.* Mallard, 27 Tex., 85. The issues presented by the plaintiff in error were not such as entitle her to have this court pass upon the question of the sufficiency of the certificate to her separate acknowledgment.

AFFIRMED.

[Opinion delivered November 3, 1880.]