## T. E. P. WRIGHT v. BLACKWOOD & FRAZIER.

(Case No. 4609.)

1. MARRIED WOMAN.— A husband left his wife, and, going to a distant state, remained absent two years, when she executed a power of attorney without being joined by her husband, authorizing her agent "to take general charge and control" of her separate estate; "to rent or lease the same;" to "make the necessary repairs to dwellings and fences to place the same in thorough repair," and also "to pay over such sums out of the rental arising as may be necessary to pay off the cost of such repairs." The general power was also given to sell and convey, and to do "everything necessary to be done about the premises" as fully as the owner could. A few months afterwards she was divorced. The property being dilapidated, and the accruing rents not being sufficient to place it in thorough repair, the agent (before the divorce was granted) made a contract for its repair, under which a mechanic's lien was claimed. Held —

(1) Under the facts, the wife was vested with power to manage and control her separate property, in her own protection as a feme sole.

(2) The signature and consent of the husband to the power of attorney were not necessary.

(3) The power given, to place "the property in thorough repair," was not limited and restricted by the clause which authorized the agent "to pay over such sums out of the rental arising as may be necessary to pay off the cost of such repairs." The latter clause was intended to confer a power as to the use of money received, not provided for elsewhere.

(4) The property was liable for a mechanic's lien arising under a contract with the agent for its repair.

APPEAL from Travis. Tried below before the Hon. A. S. Walker.

Suit filed in the district court of Travis county, by the appellees against the appellant, on the 8th of March, 1880, the object being to recover the amount of a promissory note for $675, alleged to have been executed by the appellant, through her agent, E. W. Shands, to the appellees, on the 21st day of June, 1877, the consideration of which was certain repairs to be placed by appellees on a house, the separate property of appellant, situated in the northwest quarter of block No. 38, in the city of Austin, and also to enforce a mechanic's lien on the property, evidenced by a written contract of the same date with the note.

The appellant answered, setting up a variety of defenses, such as the want of power in her to make the note and contract sued on, she being at the time a married woman. She also set up that it was her homestead, and that the contract was void.

The cause was submitted to the court without a jury, and the court gave judgment for the appellees for the amount of the note and the interest and costs, and a decree foreclosing the alleged mechanic's lien, and to this judgment the appeal was prosecuted.

There was evidence tending to show that appellant lived for many years in Austin, Texas, with her father's family, in the house and lot on the northwest quarter of block No. 38, being the lot which was the subject of this litigation; that she was born there, and that the same was used by her father as his homestead up to the year 1867 or 1868, when he moved to Washington City, settling there permanently, and taking with him appellant, who was then a minor and unmarried; that appellant married F. H. Gassoway on January 16, 1873, and lived with him in Washington City up to April in the year 1875, having by him one son, still living and a minor; that in the year 1875, appellant's husband received a government appointment of some kind, which rendered it necessary for him to be and remain in California, and that owing to his inability to support appellant, she did not go to California with him. Some time afterwards, her father taking charge of the case, brought

in her name a suit for divorce against her husband, on what ground the record does not show, and some short time after, June, 1877, and in July, 1877, appellant obtained the divorce and the custody of the child.

It also appeared that on the 15th day of June, 1877, when appellant executed a power of attorney to one E. W. Shands to contract for the necessary repairs on the said house, to be paid for out of the rent, the appellant did not get her husband to join her in the execution of the power of attorney, though she states she believes he would have joined her in the execution had she desired it. Under this power of attorney, which appellees saw and knew of before the note was signed, Shands signed the note and contract in question, the note being in substance as follows:

" $675.                                AUSTIN, Texas, June 21, 1877.

" On or before one year after date, I promise to pay to the order of William Blackwood and William Frazier, $675, with interest from date at the rate of twelve per cent. per annum; and if this note be collected by suit, an additional ten per cent. for attorney's fees and costs of suit. This note is given in payment for repairs, plastering, etc., to be done on the Paschal House on the ¼ of block 38, Austin, Texas, and is a mechanic's lien on said property.

(Signed)                         " T. E. P. GASSOWAY, by
                                 " E. W. SHANDS, Attorney in Fact."

And the contract in substance is as follows:

" The contract is dated at Austin, 21st June, 1877, is between appellees and appellant, acting through her agent, Shands, and witnesses that the appellees, having agreed to repair in a first class manner the property in question for the sum of $675, payable on or before one year after date, with twelve per cent. interest, the appellant agreed that said amount should be a mechanic's lien on said property.

(Signed)                         " WILLIAM BLACKWOOD,
                                 " WILLIAM FRAZIER,
                                 " T. E. P. GASSOWAY, by
                                 " E. W. SHANDS, Attorney in Fact."

The power of attorney under which Shands acted is sufficiently stated in the opinion.

*Hancock & West*, for appellant.

I. The appellant being a married woman at the date of the note and contract sued on, had no power to make the note and contract without the consent and joinder of her husband with her, though they

were at the time living apart from each other, and a suit for divorce was pending; and such a contract and note, when so made, will not be valid and effectual to create a mechanic's lien on her separate property and homestead.

II. Appellant's agent, Shands, had no authority, in making a contract for the repair of appellant's separate property, to create a lien on the property. All the authority he had was to contract to pay for such repairs out of the rent coming from the property.

III. The record discloses the undisputed fact that the appellant was a married woman when the power of attorney to Shands was executed, and when the note and contract were made and when the suit was brought, and alone and without her husband's signature she executed the power of attorney, the note and the contract, and hence the judgment is illegal and void. Const. of 1876, art. XVI, sec. 50; R. S., art. 559; Cheek v. Bellows, 17 Tex., 617; Fullerton v. Doyle, 18 Tex., 13; Forbes v. Moore, 34 Tex., 199; Carothers v. McNese, 43 Tex., 224; Zimpelman v. Robb, 53 Tex., 274.

*A. M. Jackson,* for appellees.

STAYTON, ASSOCIATE JUSTICE.— There is no testimony in the record tending to show that the property upon which the mechanic's lien is sought in this cause to be foreclosed was the homestead of the appellant, and it therefore becomes unimportant to inquire whether any difference exists between a married woman's power to create a mechanic's lien upon a homestead, her separate property, and her power to create such a lien upon any other of her separate property, when she and her husband are living separate.

The first necessary inquiry in this cause is, was the power of attorney executed by the appellant to E. W. Shands valid, in the absence of the signature and consent of her husband?

The record shows that at the time the power of attorney to Shands was executed by her, she was a married woman; but that about two years prior to that time, her husband, who was an officer in the United States army, went to California, she remaining in Washington City; that they never lived together afterwards, and that some time during the month succeeding that in which the power of attorney to Shands was executed, the appellant was divorced from her husband. The cause of their separation was not shown; neither is it shown that their separation when first made was not intended to be final, nor that her husband in any manner contributed to her support or managed her business.

This testimony was sufficient to authorize the court below to find that the absence of the husband was not temporary in its nature, but was of such character as to require the wife for her own protection to be vested with power to manage and control her separate estate.

The state of facts exhibited by the record, under the repeated decisions of this court, we are of opinion, authorized the appellant to do all such acts in reference to her separate property as were necessary for its preservation and her support. Wright *v.* Hays, 10 Tex., 130; Butler *v.* Robertson, 11 Tex., 143; Fullerton *v.* Doyle, 18 Tex., 4; Cheek *v.* Bellows, 17 Tex., 613. It clearly appears, even from the letters of the appellant, that the repairs to her separate property, upon which the claim in this cause is founded, were necessary, if not indispensable, to its preservation and use.

The remaining inquiry is, did the power of attorney to Shands authorize him to make the contract under which the lien in this cause is claimed?

The power of attorney authorized him " to take general charge and control of my real estate in the city of Austin, Texas, to rent or lease the same, and collect and receipt for all money arising from the same, to make the necessary repairs to dwellings and fences to place same in thorough repair, and to pay over such sums out of the rental arising as may be necessary to pay off the cost of such repairs; also to bargain, sell, convey and deliver lot or lots out of said property by warranty deed or otherwise, giving and granting to my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present at the doing thereof."

The power thus given is very broad, and certainly authorized the attorney in fact to contract for the making of such repairs as were necessary, and it does not appear that he exceeded this; but it is claimed that he was only authorized to make such repairs as could be paid for out of the rents of the premises, and that he was not authorized to have the repairs made upon a credit and give a lien upon the property to secure the cost thereof.

It appears from the record that the property was in a " dilapidated condition," and that two years before Shands made the contract by which the property was to be placed in order for $675, the appellant herself had taken the estimates of carpenters as to the cost of such repairs as were needed, and that the lowest estimate then made was $1,000.

The power of attorney contemplated that Shands should place the property "in thorough repair," and, situated as the property was, it could hardly have been contemplated by the appellant that any mechanic would undertake to make the repairs and look to the receipt of rents thereafter to accrue for his compensation; and we are of the opinion that, without reference to the surroundings of the property, the construction of the power of attorney placed upon it by the appellant cannot be maintained, but that the clause thereof which empowers the agent "to pay over such sums out of the rental arising as may be necessary to pay off the cost of such repairs," was intended to confer upon him a power not conferred by any other part of the instrument in regard to the use of money to be received, and that it was not intended to operate as a restriction upon his power to contract for repairs, which is given in the other parts of the instrument in the most ample terms.

The agent, by the instrument, was empowered to sell the property, and to do all such acts as his principal could do, in reference to the matters contemplated by the power of attorney, and one of these acts was to cause the property to be thoroughly repaired.

A construction of the clause in question which would make it one of limitation of power, rather than one extending or exceeding the powers conferred in the other parts of the instrument, would, in our opinion, be at variance with the true intent of the maker of the instrument.

There being no error in the judgment, it is affirmed.

AFFIRMED.

[Opinion delivered October 24, 1882.]