CORA H. MORRIS ET AL. V. E. M. TURNER ET AL.

No. 121.

1. **Deed — Wife's Separate Estate — Acknowledgment — Ratification.**—Though the deed of a married woman, in which she is joined by her husband, attempting to convey her separate estate, is defective when the certificate of acknowledgment fails to show that the contents of the deed were fully explained to her by the officer taking the same, yet it is the subject of ratification by the husband and wife.

2. **Same — Estoppel by Record — Deed as Evidence.**—In such case the deed recited a consideration of $800 paid in cash and $800 secured by a note and a vendor's lien expressly retained in the deed. The husband and wife sued the purchaser, and recovered judgment upon the note foreclosing the vendor's lien and awarding an order of sale. The judgment was paid off by the original

purchaser, the husband and wife receiving the money. In a suit by the wife for the land, *Held:*

1. She is estopped by the record from setting up any claim to the land.

2. The admission of her deed in evidence was immaterial, and could have no effect, as she was fully estopped by the judgment of foreclosure and the litigation growing out of the same, and no other judgment could have been properly rendered.

Appeal from Hill. Tried below before Hon. J. M. Hall.

*R. H. Looney,* for appellants.—1. In order to pass the title of a married woman to her separate real estate, the certificate of the officer who took her acknowledgment must show that the deed was explained to her by the officer; and unless this appears in the certificate, the record of the deed is a nullity, and a certified copy is inadmissible in evidence for any purpose. Rev. Stats., arts. 4310, 4316; Nichols v. Gordon, 25 Texas Supp., 112; Berry v. Donly, 26 Texas, 745; Looney v. Admason, 38 Texas, 621; Langton v. Marshall, 59 Texas, 296; Ruleman v. Prichett, 56 Texas, 485.

2. To pass the title of a married woman in the sale of her real property it must be done in the mode prescribed by the statute, by deed and privy examination; and unless this is done she may recover it by suit, unless estopped by some representation on her part relied and acted on so as to operate as a fraud upon the opposite party; and to estop her from asserting her rights to land she must be guilty of some positive act of fraud, or else some act of concealment or suppression which will in law be equivalent thereto. Fitzgerald v. Turner, 43 Texas, 82; Johnson v. Bryan, 62 Texas, 623; Land Co. v. Laidley, 9 S. E. Rep., 61.

*Tarlton & Morrow, W. L. Booth, C. Moorman* and *R. M. Vaughan,* for appellees.—1. The deed from Cora H. and E. L. Morris to Robert Purnell was properly admitted in evidence in connection with the judgment of the District Court of Hill County in the case of E. L. and Cora H. Morris v. Robert Purnell, and the testimony of W. L. Booth and Jo Abbott, as one of the circumstances supporting appellees' defense of innocent purchaser and estoppel, and not as a muniment of title. Bounds v. Little, 75 Texas, 316.

2. The facts in this cause are sufficient to estop plaintiffs to assert any right to the land, as against defendants who have bought from Robert Purnell and his vendees. A married woman may be estopped by her acts. Hussey v. Moser, 70 Texas, 42; Johnson v. Bryan, 62 Texas, 626; Wordlaw v. Miller, 69 Texas, 395; 2 Pome. Eq., sec. 814, and cases cited.

Estoppel by the judgment: Baxter v. Dean, 24 Texas, 17; Thompson v. Lester, 75 Texas, 521; Hatch v. Garza, 22 Texas, 177; Ryan v. Maxey, 43 Texas, 192; Casey v. Powell, 20 Texas, 767; Laid v. Thomas, 22 Texas, 276; Webb v. Maud, 27 Texas, 80; Dalton v. Rust, 22 Texas, 133.

LIGHTFOOT, Chief Justice.—We here adopt the conclusions of fact found by the court below, as follows:

"1. That Cora H. Morris, one of the plaintiffs, was in the year 1864, and has been since that time and is now, a married woman.

"2. That in the year 1869, she, in her separate right, owned the land in controversy.

"3. The deed from said Cora and her husband, E. L. Morris, to Robert Purnell, read for that purpose by plaintiffs, showed said Cora and her husband were the common source through which plaintiffs and defendants claimed title.

"4. That the acknowledgment of said Cora to said deed was defective; that said deed bears date December 25, 1869, and recites $1600 as the consideration, $800 in cash paid and $800 secured by a promissory note, retaining a vendor's lien on said land.

"5. That said Robert Purnell sold and conveyed said land to Jo Abbott, the same dated April 17, 1873, for cash consideration of $1500 in gold. There was a deed from Abbott to F. B. Harris, conveying said 180 acres of land with other lands; also, deed from said Harris and wife, conveying said 180 acres and other lands to E. M. Turner and R. S. Lumpkin, defendants herein.

"6. That defendants offered same deed in evidence to show title in themselves. But the deed from plaintiff Cora H. Morris and her husband was not admitted as a muniment of title, because of the acknowledgment of said Cora Morris being defective, but was admitted as a circumstance to be considered in connection with the other evidence offered by defendants.

"7. That the court house of Hill County was destroyed by fire in the month of September, 1872, and nearly all of the original papers of the District Court were also destroyed at that time.

"8. That proper search had been made for the original papers in causes numbers 546 and 547, but same could not be found.

"9. That the docket and minutes of said District Court for the June Term, 1871, showed that E. L. Morris and Cora were plaintiffs in cause number 546, against Robert Purnell, defendant; that in said suit a judgment was rendered in favor of said plaintiffs against said defendant by default for the sum of $637.75, and a foreclosure of the vendor's lien on the land described by metes and bounds in the petition, it being the same land described in the deed from E. L. Morris and his wife, Cora, to Robert Purnell.

"10. That subsequent to this judgment, Robert Purnell, in cause number 577, sued out a writ of injunction restraining the collection of said judgment, and restraining said Morris and wife from further prosecuting their suit on said note.

"11. That the judgment and decree in cause No. 546 was set aside and cause continued until the next term of said court.

"12. That at the next term of said court, on October 20, 1871, E. L. Morris and wife appeared by their counsel, Coke, Herring & Anderson, in cause No. 577, and by motion had said writ of injunction dissolved, and the cause dismissed at cost of said Purnell.

"13. That on the 23rd of October, 1871, cause number 546 was tried by said court before a jury, and on their verdict judgment was rendered in favor of said E. L. Morris and Cora H. Morris for the sum of $759.28, and a decree foreclosing the vendor's lien on the land sued for, describing the same by metes and bounds, and order of sale.

"14. That Robert Purnell fully paid off and discharged this judgment, and that E. L. Morris and his wife, Cora, received the money so paid, and gave their receipt for same.

"15. That Jo Abbott paid $1500 in gold for 180 acres of said land.

"16. That he had no notice that plaintiff made any claim to the same, and believed he was getting a good title to said land; and that subsequent vendees paid a valuable consideration for said land, and had no notice that plaintiff had made any claim to same."

*Conclusions of Law.*—Appellants are clearly estopped by the record from setting up claim to this land. In the appropriate language of the learned judge who tried the case below, "The law of this State will not permit a married woman to invoke the aid of the courts to recover the purchase money of her separate property, and then, after the lapse of twenty years, invoke the aid of the same power to restore to her the property, when she makes no effort to show that she has been defrauded or injured by the transaction, and when no tender to repay the money so received has been made."

The deed attempted to be made by Cora H. Morris and her husband, E. L. Morris, to Robert Purnell, for the land in controversy, expressed upon its face that a vendor's lien was reserved upon the land to secure the balance of the purchase money, $800. That deed, though defective (it not being shown in the officer's certificate of acknowledgment that the contents of the deed were fully explained to her by the officer taking the same), yet it was the subject of ratification by the husband and wife. Instead of claiming the purchase money, Mrs. Morris could have brought suit against Purnell directly for the land. It is clear that she was not entitled to both. If so, she could have brought suit for both money and land at the same time. But she and her husband elected to claim the money, which they did, in a suit against the purchaser to foreclose the vendor's lien. It is claimed that the deed did not convey the title, and that the superior title remained in Mrs. Morris. The superior title remains in the vendor in every case of the sale of real estate in which a

vendor's lien is reserved to secure the purchase money, and if the acknowledgment had been perfect, the superior title would still have been in her.

Mr. Freeman says: "Where proper parties are brought before the court, a judgment either foreclosing or refusing to foreclose a mortgage *or other lien* is conclusive of all the issues necessarily determined by it. The ordering of sale is conclusive of the existence of the debt and of the lien." 1 Freem. on Judg., sec. 303. Again, "The entry of a judgment or decree establishes in the most conclusive manner, and reduces to the most authentic form, that which had hitherto been unsettled, and which had, in all probability, depended for its settlement upon destructible and uncertain evidence. The cause of action thus established and permanently attested is said to merge into the judgment establishing it. * * * It is 'drowned in the judgment,' and must henceforth be regarded as functus officio." Id., sec. 215.

In this State married women have a perfect right to appear in court and litigate their rights, which have been jealously guarded. They are presumed to have the capacity "to conduct the litigation as shall be most conducive to their own advantage." Urquhart v. Womack, 53 Texas, 618, and authorities there cited.

In order to be just, the same rules must be applied to them as to other litigants, and they are estopped by judgments rendered by courts of competent jurisdiction in cases to which they are parties, upon the same principle that other litigants are estopped. Henderson v. Terry, 62 Texas, 281; Baxter v. Dear, 24 Texas, 17; Lee v. Kingsbury, 13 Texas, 67; Webb v. Mallard, 27 Texas, 86; Ryan v. Maxey, 43 Texas, 192.

It has been frequently held in this State, that the "equities of persons claiming under instruments executed by married women, but not properly acknowledged and certified, have been recognized and protected." Johnson v. Taylor, 60 Texas, 365; Dalton v. Rust, 22 Texas, 133; Womack v. Womack, 8 Texas, 397.

In applying the above principles to this case, as presented in the able and exhaustive brief of appellants, we conclude:

1. That the admission of the deed of appellants to Robert Purnell was immaterial, and could have had no effect, whether admitted or rejected, as appellants were fully estopped by the judgment of foreclosure and the litigation growing out of the same, and no other judgment could have been properly rendered.

2. By the suit of appellants to foreclose the vendor's lien upon the land in controversy, they said to the court, in effect, "We *have sold* this land to Robert Purnell; we have made him a title, reserving a vendor's lien thereon to secure the purchase money, and we invoke your power to foreclose this lien." The court by its judgment found this to be true, and by reason of its truth reached out its strong arm and forced

the defendant to pay. This judgment is conclusive of the facts there found. Now, after this judgment of foreclosure, and a satisfaction of the judgment by the defendant, the plaintiffs, still holding the money thus recovered, again invoke the same power, and this time they virtually say, " We *did not sell* the land to Purnell; it is ours; give it back to us." Can any rule of law, of equity, or of justice grant such a demand? To do so would be a mockery of the decrees of the court, a travesty upon justice, a burlesque upon equity, and " equivalent to a fraud" perpetrated under the guise of law.

The appellants are clearly estopped, and the judgment below is affirmed.

*Affirmed.*

Delivered December 21, 1893.