VICTOR E. FERMIER v. JOHN D. BRANNAN ET AL.

Decided October 14, 1899.

**1. Plea of Privilege—Husband and Wife—Suit for Necessaries for Wife.**

Where, in an action against husband and wife on the wife's note and mortgage given for necessaries, the petition sets out the facts of abandonment by the husband authorizing her to bind the community property by such contracts, a plea of privilege by the husband to be sued elsewhere in the county of his own residence is defective in failing to negative every supposable state of case under which the suit might have been properly brought if it does not negative the wife's residence in the county of the suit and the facts authorizing her to execute the contract sued on.

**2. Same—Petition May Be Looked To.**

In passing upon the sufficiency of a plea of privilege, the petition may be looked to in determining whether all supposable matter which might have given jurisdiction to the court has been negatived.

**3. Same—Parties.**

Where the wife has been sued upon her note secured by a mortgage on community property which she was authorized to give for necessaries by reason of her abandonment by the husband, he may be brought in, though residing elsewhere, as a proper party to the suit.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Davidson, Minor & Hawkins,* for appellant.

*John C. Walker,* for appellee.

GILL, ASSOCIATE JUSTICE.—This was an action by appellant, begun in the District Court of Galveston County, against Amelia F. Brannan, John D. Brannan her husband, and E. A. Hawkins, trustee, upon a promissory note for the sum of $1917.46, alleged to have been made by her alone on June 1, 1898, payable to appellant on demand at Galveston, Texas. The petition also alleged the execution, by Amelia F. Brannan alone, of a deed of trust upon lands situated in Kaufman and Bell counties, for the purpose of securing the payment of the note, the lands being the community property of Brannan and wife. E. A. Hawkins was named as trustee.

The residence of all the defendants is averred to be in Galveston County, and service was actually had upon Brannan and wife in said county. It is further averred, substantially, that John D. Brannan, in January, 1896, voluntarily deserted and abandoned his wife, Amelia, and continued to live separate and apart from her until some time subsequent to June 1, 1898, he being, during much of said period, in the State of North Dakota, while she was a resident of Galveston, Texas. That dur-

ing all of said period he failed and refused to support or provide in any manner for his wife, and that she was wholly without separate means of support. That during said period Mrs. Brannan became indebted to appellant, who is her brother, in a sum greater than the amount of the note sued on, said sums being advanced at the special request of Mrs. Brannan for her necessary maintenance and support, and for the successful defense of a suit brought by John D. Brannan in North Dakota for divorce, the various items going to make up the amount of the note being set out in an exhibit and alleged to have been for necessaries. That the note and deed of trust were executed by Mrs. Brannan during the continuance of such abandonment, and same was given by her to secure the indebtedness so incurred. Petition prays for judgment for the debt against Mrs. Brannan and foreclosure of the lien upon the land as against all defendendants.

Mrs. Brannan did not answer, and interlocutory judgment by default was rendered against her. Hawkins entered appearance, but John D. Brannan filed his plea of privilege to be sued in the county of his residence, alleging that at the date of the filing of the suit he did not reside in Galveston County, but had his domicile in Bell County. That he had not authorized anyone to bind him to answer this suit in Galveston County, and particularly had not authorized Amelia F. Brannan to do so, and that he himself had not contracted in writing to be sued in said county.

To this plea appellant excepted: (1) On the ground that it did not deny that Amelia F. Brannan did not reside in Galveston County as alleged in the petition, and contained no allegation as to her residence. (2) It did not deny the alleged abandonment and desertion of Mrs. Brannan; nor that the note was executed for necessaries; nor does it negative the facts alleged which would authorize her to act alone in the execution of the instruments sued on; nor that she had been forced by the alleged abandonment to assume the powers and duties of a feme sole in the management of her affairs and the community property. (3) It did not negative every supposable state of case under which the suit might have been properly brought in Galveston County. (4) It does not deny that the District Court of Galveston County has jurisdiction over his codefendant, Amelia F. Brannan.

The court overruled the demurrers, heard testimony only on plea of privilege, and the matter being submitted to a jury, the plea was sustained and the cause dismissed for want of jurisdiction, the judgment by default against Mrs. Brannan being set aside and the costs adjudged against appellant.

Motion by appellant for new trial was overruled, this appeal perfected, and the errors assigned present for the determination of this court the question as to the sufficiency of the plea of privilege.

That under the circumstances alleged in the petition the wife would have the right to conduct her own affairs and manage and control the

community property for her necessary support and maintenance, and that to this end she could by contract bind herself and the property, is no longer an open question.

In the early case of Wright v. Hays, 10 Texas, 130, Chief Justice Hemphill announces the doctrine, reviewing the reasons and authorities upon which the principle is based. In that case a gift by the wife to a child by a former husband was upheld, though the subject of the gift was a piece of community real estate. In disposing of the case the following language is used: "It appears, then, that the rights and duties of the husband and wife are reciprocal. If he be invested with high powers (as the head of the family), he is subject to corresponding duties. As the land in controversy may be taken as a portion of the community acquisitions, our attention will be directed to the rights and obligations of husband and wife in reference to such property. Their rights in such property are equivalent to each other, the difference being that during coverture her rights are passive, his are active. He has the free administration of such property, and is subject to the corresponding duty of maintaining his wife and family and defraying out of this property the debts contracted during marriage. So long as he discharges his duties as husband his rights remain in full vigor. But when he abandons the administration of the common property, deserts his wife and country; when he ceases the discharge of his duties and contributes in no mode to the support of his wife and family, reducing the wife to the necessity of providing for herself and of taking care of the common property; and when this absence is prolonged for several years, his rights over the effects of the common property cease, and the passive rights of the wife are quickened into vigorous activity. * * * Her powers in such event should correspond with the position which by the default of her husband she is compelled to assume. And especially should the controlling power of the husband over the goods of the community be transferred to the wife."

It is further declared that in such case the wife is invested with the capacity of a feme sole, with the right to contract and to sue and be sued. The court says further, quoting from a Massachusetts case: "If such were not the case, the wife in such event could obtain no credit on account of her husband, for no process could reach him; and she could recover for no trespass either upon her person or property, or for the labor of her hands. She would thus be left a wretched dependent upon charity, or driven to the commission of crime to obtain a precarious support."

This case has since been cited and the doctrine approved whenever the question has arisen in our courts, and it was held in the case of Forbes v. Moore, 32 Texas, 196, that the insanity of the husband clothed the wife with like power, but the application of the doctrine was subsequently limited to cases of abandonment, the state having provided a remedy in case of the insanity of the husband. This case of Wright v. Hays is

thus fully noticed because it is unquestioned authority, and establishes the right of the wife to act in such a situation as a feme sole, and to *sue and be sued* in that capacity. We regard it as decisive of the questions presented in the case before us for reasons which will appear further on in this opinion.

It was certainly the duty of defendant to negative by his plea of privilege every supposable situation which, if alleged on the opposite side, would defeat the plea. This is conceded. It follows then, that if the separate residence of the husband and wife is a supposable case under the allegations in the petition, the plea is defective, since it neither alleges the residence of Amelia F. Brannan, nor denies that her residence is Galveston County, as averred in the petition. The rule that the domicile of the husband is the domicile of the wife is not applicable to the state of facts here presented, and the authorities quoted by apppellee on that question are of no assistance in determining the question under discussion. Had the plea averred that John D. Brannan had resumed his duties as the husband of Amelia F. Brannan, or that he had never so conducted himself as to authorize her to contract independently of him, the authorities quoted by appellee on the question of domicile would be decisive in the matter. As it is, however, the plea neither denies the abandonment and consequent authority to contract, nor makes any reference either to the residence of the wife or to the fact that she is his wife.

While the sufficiency of the plea of privilege must be tested by its own averments, and the other parts of the record can not be resorted to in its aid, it is nevertheless permissible to go to the petition to ascertain the nature of the case and determine whether all supposable matter which might have bestowed jurisdiction upon the trial court has been negatived.

The petition having alleged a sustained abandonment of the wife by the husband, and having placed her in an attitude which authorized her to contract the debt in question and bind the community therefor, it is not inconsistent to suppose that the alleged state of affairs continued up to and beyond the filing of the suit, and that she was maintaining a residence in Galveston distinct from her husband. It is at least a supposable case, and in such event the contract could have been enforced against her individually if undertaken while the status of affairs which gave her the right to act for herself was maintained. It would seem that, in such a case, the same necessity which has the effect to depose the husband and clothe the wife with his abandoned powers, thus reversing their normal relation to each other, and which has the effect of suspending the operation of the general rules of law governing marital rights, would likewise affect the rights and remedies of persons contracting with the wife in her capacity as a feme sole, and would render inapplicable the general rules of law as to venue, domicile, parties, etc., which but for the altered conditions would inevitably control.

The marital relation is, for the time being, suspended in a sense, and

the statutory requirement that the husband must be joined in all suits against the wife for necessaries for herself and children, and for all expenses incurred by her for the benefit of her separate estate (article 1201, Revised Statutes), and which is so clearly applicable to the normal marital relation, might be impossible of enforcement in the case supposed, and would in some instances, if enforced, be a denial to the creditor of the fruits of a contract which the law so clearly permits him to make with the wife. In the case of Carothers v. McNese, 43 Texas, 221, the right of the wife to contract alone is denied, and it was also held that the husband was a necessary party to that proceeding, but in that case there was no abandonment. The husband was temporarily absent in the Confederate army. The opinion quotes Wright v. Hays with approval, and it is held that such a state of case might be made as would invoke the rule here announced. In Black v. Black, 62 Texas, 296, it is held that under certain conditions the wife can either prosecute or defend a suit involving the protection of herself or property.

In Zimplemann v. Robb, 53 Texas, 274, Justice Bonner held that the discretion exercised by the abandoned wife in the disposition of community property would not be reviewed, unless used to perpetrate a fraud on the rights of the husband, and it is said that in such event "the court will not weigh in golden scales the discretion thus given the wife." This power and discretion is given the wife primarily for her benefit, and the courts could deprive her of its benefits in no surer way than by so hedging the enforcement of her contracts with difficulties as to deter persons from entering into the contracts which her necessities might require. To require the creditor to search the realm for the recreant husband as a prerequisite to recovery would be at least inconsistent. We understand this to be a suit not for necessaries as such, but upon a contract made by the wife, and the abandonment by her husband and her subsequent necessities are averred for the purpose of disclosing her right to act alone. Had John D. Brannan continued his residence in Dakota, persisting in his refusal to support his family or care for and manage the community effects, it could not be successfully contended that his domicile was the domicile of his wife while she remained in Galveston performing the duties to which he had proved recreant. Although no question of parties is presented, this court might properly hold that if the alleged abandonment in fact continued, the husband was not a necessary party to the suit, his mere presence in the jurisdiction of the court not being sufficient to deprive his wife of the authority and privileges which he, by his own acts, is alleged to have clothed her. He is, however, a proper party, and appellant had the right to make him a party to the proceeding in order that another suit might be avoided, in case he questioned the right of appellants in this suit to subject his interest in the community property to the debt alleged to have been so contracted by his wife. The case supposed would then appear to be an exception to the statutory rule requiring the husband to be joined in suits against the wife. She being in the attitude of a separate and independ-

ent defendant, appellant had the right, at his option, to bring the suit in Galveston County if she in fact resided there, and the incidental right to bring in as defendant any other necessary or proper party, wherever might be his residence within this State.

As was held in Carro v. Carro, 60 Texas, 395 (quoted by appellant), the plaintiff, when various defendants live in several counties, may bring his suit in any county where any one or more of the defendants reside, exercising his choice in the matter, this statutory exception being for the benefit of plaintiffs.

In discussing these questions the allegations in the petition have been taken as true except where denied by the plea of privilege. We are aware that a different state of facts may be made to appear upon the trial, as was perhaps the case in the trial upon the plea in the court below, but this court can not go beyond the questions of law presented, and the plea being fatally defective, we must hold that it was error in the lower court to refuse to sustain appellant's exceptions.

In arriving at this conclusion we have not been influenced by the fact that the wife's contract was payable in Galveston County. Unless her separate and distinct residence in Galveston County was a supposable case, as above held, no contract of hers as to the place of performance could bind a defendant not a party thereto. This doctrine was declared in a case as late as that of Drug Company v. Hamilton, 92 Texas, 284. The cases of Oxsheer v. Watt, 91 Texas, 402, and Brigham v. Thompson,. 12 Texas Civil Appeals, 562, are in conflict with the rule as laid down in the case last quoted, but have been expressly overruled. This court in Blount v. Railway, 3 Texas Civil Appeals, 282, announced the correct doctrine prior to the decision of Oxsheer v. Watt. It is contended by counsel for the appellee, John D. Brannan, that no authority has been shown for the act of the wife in executing the note and mortgage for debts incurred theretofore for necessaries, even conceding that she had been placed in a position by the husband which authorized her to act alone.

It seems to us that the cases conferring upon her powers commensurate with the powers possessed by the husband, if present and exercising his duties, would amply answer the contention. The case of Wright v. Hays has been quoted with approval in Cheek v. Bellows, 17 Texas, 613; also in 18 Texas, 4; 32 Texas, 196; 41 Texas, 355; 11 Texas, 634; 43 Texas, 224; 53 Texas, 274; 57 Texas, 644; 60 Texas, 333; 63 Texas, 287; 64 Texas, 222; in Railway v. Redeker, 75 Texas, 312, and in later cases.

She certainly had the power to pursue the course most conducive to her own interests and the welfare of the community property under her care, and this court can not say that to secure a creditor who was holding a debt against her, enforceable at law, and to the payment of which the property in her charge could have been subjected, might not have been the wisest course for her to pursue. Urquhart v. Womack, 53 Texas, 618.

The decision of the question as to the power of the wife to execute the deed of trust is not necessary to the determination of this appeal, however, as the question arises not on the sufficiency of the petition, but on the plea of privilege.

For the error of the court in overruling appellant's exceptions, the cause is reversed and remanded for trial upon its merits.

*Reversed and remanded.*