## BARNES v. WEST.
### No. 4375.

Court of Civil Appeals of Texas. Beaumont.
June 19, 1947.

John Blair, of Beaumont, for appellant.

P. D. Renfro, of Beaumont, for appellee.

MURRAY, Justice.

This is an appeal from an order of the County Court of Jefferson County at Law, overruling the plea of privilege of appellant Barnes.

Appellee West, a resident of Jefferson county, brought suit in Jefferson county against the appellant, H. T. Barnes, a resident of Angelina county, and against the wife of the appellant, Willie Elvira Barnes, who was alleged to be a resident of Jefferson county. The suit was for the expenses of a necessary surgical operation for Mrs. Barnes, provided her by West at her request. Mrs. Barnes filed a separate answer admitting all of the allegations in appellee's petition. Appellant Barnes filed his plea of privilege to be sued in the county of his residence and appellee filed his controverting affidavit. In an amended original petition, the appellee alleged that appellant Barnes had abandoned his wife in Jefferson county and in his amended controverting affidavit he incorporated therein all the pleadings of his amended petition. Upon a hearing, the court overruled appellant's plea of privilege to be sued in Angelina county and he has perfected his appeal. The court filed findings of fact and conclusions of law and included therein was a finding by the court that the appellant and his wife lived together as husband and wife in Jefferson county in May, 1944; that thereafter Barnes left and abandoned his wife and two minor children; that his wife and the children have continued to reside in Jefferson county (except that the son has been living at his work out of Jefferson county for part of the time) to the date of hearing on the plea of privilege.

The appellant maintains by his first point that his plea of privilege should have been sustained by the court because his domicile and that of his wife was in Angelina county, Texas, at the time of the filing of the suit and no exceptions to the general venue statute existed. By his second point he contends that there is no evidence to support the court's finding that he abandoned his wife and, therefore, the appellee failed to prove an exception to the general venue statute. Vernon's Ann. Civ.St. art. 1995, subd. 16. These two points are presented together in the brief of the appellant and will be considered together here. The appellee has not favored us with a brief. From the evidence it is seen that Mr. and Mrs. Barnes were married in 1925 and sometime about the year 1940 they bought a home in Angelina county and resided there together for several years. The nature of appellant's work requires that he spend some of his time away from home but he has maintained a home in Angelina county. Mrs. Barnes left Angelina county and came to Beaumont in Jefferson county with the intention of separating from Mr. Barnes and there filed and unsuccessfully prosecuted a suit for divorce against him. While she was in Beaumont in Jefferson county Mr. Barnes came to Beaumont while he was working in Louisiana and lived with her in Beaumont in Jefferson county for two weeks. From the testimony of both parties it may reasonably be said that at that time they were making some effort to patch up their troubles and renew their marriage relation. These efforts proved unsuccessful and after a physical encounter between the two, according to Mrs. Barnes' testimony, she asked him to leave and he left Beaumont. We believe the testimony is insufficient to support the finding of the court that the appellant abandoned Mrs. Barnes in Jefferson county. Without a sufficient showing of abandonment of a wife by a husband the record presents a situation in which the

584

wife's domicile is in the county of her husband's residence and he may rightfully claim his privilege to be sued in the county of his own residence. The domicile selected by the husband is the domicile of the wife and unless he gives his consent or is guilty of abandonment or misconduct amount to abandonment, the wife can not change her domicile. Miller v. Stine, Tex. Civ.App., 99 S.W.2d 397; Speer's Maritial Rights, 2d Ed., Sec. 73. For a further discussion of the rule of law applicable, see also Fermier v. Brannan, 21 Tex.Civ.App. 543, 53 S.W. 699 and Trammell v. Neiman-Marcus Co., Tex.Civ.App., 179 S.W. 271. The appellant's first and second points must be sustained.

The judgment of the trial court is reversed and remanded with instructions to enter judgment sustaining the plea of privilege of appellant, H. T. Barnes, and transfer the cause to the county court of Angelina county, Texas.