

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 10, 1963

Honorable Oscar M. Laurel          Opinion No. C-158
District Attorney
49th Judicial District             Re:  Construction of Article 1.05
Laredo, Texas                           of the Election Code as to
                                        residence requirements of a
Dear Sir:                               county commissioner.

        You have stated the fact situation upon which your re-
quest for an opinion is based, and the question propounded, as
follows:

        "1.  County Commissioner, Precinct 2, Webb
County, Texas, has been duly elected to his
post.

        "2.  Said Commissioner is now changing his
residence to another location within his own pre-
cinct, but outside the city limits of Laredo.
Said new residence will be intended as his per-
sonal home.  A new house will be constructed and
will include all the facilities required, that is,
telephone, light, etc.  The said Commissioner
fully intends to live there most of the time.

        "3.  However, the wife of the said Commis-
sioner will move to another residence, within the
city limits of Laredo, Texas, in Webb County, but
out of the Commissioner's precinct.  Said residence
is mainly for the purpose of remaining close to
school facilities for the children and also for doc-
tor and hospital facilities for the ailing mother of
the said wife.

        "4.  It is the intention of the said Commis-
sioner to continue paying the wife's living expenses
of the residence of the wife, there being no separa-
tion involved.

        ."5.  The said Commissioner will visit his wife
and family at their residence within the city limits
and they will visit him at his residence outside the
city limits.  The Commissioner fully intends to spend
the greater part of his time at his own residence.

-765-

"The question proposed for an opinion is as follows:

"Under Article 1.05 of the Texas Election Code, would the above-mentioned County Commissioner, in the above-mentioned County, meet the requirements of residence as provided for in said Statute, regardless of the fact of the wife's separate residence?"

From the brief accompanying your request. it becomes evident that you wish an opinion on whether the living arrangements as outlined would affect the commissioner's right to retain the office for the remainder of the term to which he has been elected, and also whether it would affect his eligibility for another term.

Article 1.05 of Vernon's Texas Election Code, as amended by Section 4 of Chapter 424, Acts of the 58th Legislature, 1963, reads in part as follows:

"No person shall be eligible to be a candidate. for, or to be elected or appointed to, any public office in this state unless he shall be eligible to hold such office under the Constitution and laws of this state, and unless he is a citizen of the United States and shall have resided in this state for a period of twelve months next preceding the date of any primary, general or special election at which he offers himself as a candidate or next preceding the date of his appointment, as the case may be, and for any office which is less than state-wide, shall have resided for six months next preceding such election in the district, county, precinct, municipality or other political subdivision for which the office is to be filled; * * *."

The term "residence," as used in the statutes prescribing qualifications for voting and for holding office, means domicile or "legal residence" as distinguished from place of actual abode or "actual residence." Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136 (1951); Harrison v. Chesshir, 316 S.W.2d 909 (Tex.Civ. App. 1958; reversed on other grounds, 159 Tex. 359, 320 S.W.2d 814); Farrell v. Jordan, 338 S.W.2d 269 (Tex.Civ.App. 1960, error dism.).

Article 1.05 of the Election Code requires that a county commissioner must be, at the time of his election, a resident of the precinct from which he is elected. So far as we have been able to find, there has not been any court decision in this State

on what effect a change of residence to some other precinct within the county, following his election, would have on a commissioner's right to the office for the term to which he was elected; but we do have a ruling by the Attorney General's Office, in Opinion O-6905 (1945), that it would not cause a vacancy in the office. And the Supreme Court held, in Childress County v. Sache, 158 Tex. 371, 312 S.W.2d 380 (1958), that changes in precinct boundaries do not create a vacancy in the office of county commissioner or deprive the incumbent of the right to hold office for the remainder of his term, even though by reason of such changes his residence is not within the precinct from which he was elected. Whitmarsh v. Buckley, 324 S.W. 2d 298 (Tex.Civ.App. 1959), held that Article 1.05 requires that a person elected to serve a political unit as an officer (in that case, trustee of an independent school district) must be, when elected, and during his term of office must remain, a resident of such political unit, but the court distinguished Childress County v. Sache on the ground that a county commissioner is elected to serve the whole county and not to serve his precinct only. Under the view we take of the facts you have outlined, it is not necessary to consider the effect on present tenure of a change of residence to some other precinct, because we are of the opinion that the commissioner's residence (domicile) will continue to be in the precinct from which he was elected.

The question raised by the facts stated in your opinion request is whether the commissioner's domicile or legal residence will be in the precinct where he maintains his "actual residence" or in the precinct where the wife's "actual residence" is located. This question is generated by the provision in Article 5.08 of the Election Code that the residence of a married man "is where his wife resides."

In Article 5.08, the phrase "where his wife resides" refers to her domicile or legal residence. Major v. Loy, 155 S.W. 2d 617 (Tex.Civ.App. 1941); Farrell v. Jordan, supra. If the wife's domicile will be in Precinct No. 2, where her husband is living, then of course there is no problem in concluding that the husband's domicile is also in that precinct. On the other hand, if her domicile is not in that precinct, we have the question of whether Article 5.08 conclusively fixes the husband's domicile at the same place as the wife's domicile.

You have stated that the reason for the wife's living in Laredo is mainly for the purpose of remaining close to school facilities for the children and also for doctor and hospital facilities for her ailing mother. It is not stated whether the intention

is for the wife to live with her husband in Precinct No. 2 after these reasons for her living in Laredo have ceased to exist. If so, the facts would appear to bring the case within the rule that the family domicile is at the place selected and intended as the permanent home for the family, and temporary absence of the husband or wife, or both, for the purpose of being near school or medical facilities does not change the domicile where the absent spouse intends to return after the reason for the absence has ceased to exist. Clark v. Stubbs, 131 S.W.2d 663 (Tex.Civ.App. 1939); McBride v. Cantu, 143 S.W.2d 126 (Tex.Civ.App. 1940); McGehee v. Boedeker, 200 S.W.2d 697 (Tex.Civ.App. 1947); Bray v. Peden, 213 S.W.2d 469 (Tex.Civ.App. 1948). However, we are of the opinion that the commissioner's domicile will be at the place where he claims his home to be, regardless of what either his or his wife's intentions are with respect to her future place of abode.

On the assumption that the wife intends to remain permanently in Laredo, it is not entirely clear, under the decisions of the Texas courts, where her domicile will be. Some cases have said that the wife may have a domicile different from that of the husband where he has given his consent for the wife to reside else where than in his home. Miller v. Stine, 99 S.W.2d 397, 399 (Tex Civ.App. 1936); Barnes v. West, 203 S.W.2d 582, 584 (Tex.Civ.App. 1947); cf. Stratton v. Hall, 90 S.W.2d 865, 866 (Tex.Civ.App. 1936, error dism.) and Cavallin v. Ivey, 359 S.W.2d 910 (Tex.Civ. App. 1962). Other cases have said, or at least intimated, that the domicile of the husband and the wife, not permanently separated from each other, must be the same. Harwell v. Morris, 143 S.W.2d 809, 816 (Tex.Civ.App. 1940); Farrell v. Jordan, supra, at page 274. Whatever is the correct view on that point, the cases are in agreement that under the facts you have presented the husband's domicile will be at the place where he actually resides and intends to make his home. In Harwell v. Morris, supra, the court said:

"* * * It has been the law of this State since an early day that the place of residence of a married woman is where her husband resides. (Citations.)

"It has never been the law in Texas that the residence of the husband is drawn to that of the wife where they happen, for a time, to be at different places. (Citations.) The rule was not changed by the provisions of Art. 2958, R.C.S., 1925 /now Article 5.08, Election Code/, which provides that the residence of a married man is where his wife resides. * * *"

As noted in Attorney General's Opinion WW-859 (1960), the court in <u>Stratton v. Hall</u>, <u>supra</u>, apparently construed Article 5.08 of the Election Code as merely creating a rebuttable presumption rather than as conclusively fixing the husband's residence as being "where the wife resides," in the following quotation:

"Article 2958 defines the 'residence' of a married man, within the meaning of the election laws, to be where his wife resides, unless he be permanently separated from her, and his residence is considered to be in that place <u>unless a contention is made that he resides elsewhere</u>. 16 Tex. Jur. §39, p. 48. When a contention is made that a married man's residence is in some other place than where his wife resides, the question must be determined by reference to the actual facts and circumstances; one of which will be his intention." (Emphasis supplied.)

You have stated that the house in Precinct No. 2 is the place which the commissioner intends to be his home. In <u>Farrell v. Jordan</u>, <u>supra</u>, which was an election contest, the husband lived in Rosharon, Brazoria County, where he had a business. The wife lived in Bay City, Matagorda County, in a house which they owned and upon which they claimed a homestead exemption. The wife lived in Bay City "because she doesn't like things at Rosharon." The husband ate and slept in Rosharon about 90 per cent of the time, and intended that to be his home as long as he had his business there. He went to Bay City and stayed with his wife nearly every week end, and the wife also went to Rosharon and stayed with him on some week ends. On these facts, the Court of Civil Appeals sustained the trial court's holding that the husband was a legal resident of Rosharon and entitled to vote there. In our opinion, this case fully supports our holding that, under the facts stated in your request, the commissioner's domicile or legal residence will be in Precinct No. 2.

## SUMMARY

Under the stated facts, the domicile or legal residence of the County Commissioner of Precinct No. 2, Webb County, Texas, will continue to be in that precinct, where he intends to live and maintain his home, although his wife and children will be

living outside the precinct. <u>Farrell v. Jordan</u>, 338 S.W.2d 269 (Tex.Civ.App. 1960).

Yours very truly,

WAGGONER CARR
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant

MKW:mkh:wb

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Marietta Payne
Pat Bailey
Howard Fender
Joseph Trimble

APPROVED FOR THE ATTORNEY GENERAL

BY:  Stanton Stone