E. A. CAROTHERS ET AL. v. P. W. McNESE, ADM'R.

1. HUSBAND AND WIFE—PARTIES.—The husband is a necessary party defendant in an action upon a contract signed by the wife.
2. ABSENCE OF HUSBAND.—"Long and necessary absence from the State, in the Confederate army," does not, of itself, necessarily authorize the wife, in such absence, to bind the community property or her separate estate for the purchase of land.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

*Giddings & Morris* for appellees.

MOORE, ASSOCIATE JUSTICE.—The judgment in this case is warranted neither by the pleading nor evidence.

It is alleged in the petition that the note upon which the suit is brought was executed by E. A. Carothers and E. A. Allcorn to Adrian Testard, and indorsed by said Testard to Thomas F. Hailey, and by him to the original plaintiff, W. E. Allcorn.

Among other matters of defense it is alleged by defendants in their answer that the defendant, E. A. Carothers, was, at and previous to the alleged execution of the note described in the petition, a married woman; and was still, at the date of the institution of said suit, under coverture, and not liable to be sued without the joinder of her husband.

In avoidance of this answer plaintiff below, by an amendment to his petition, in the nature of a replication, avers " that the husband of said E. A. Carothers was at the time absent in the army, and that said E. A. Carothers is the mother of her co-obligor, E. A. Allcorn, and that said E. A. Carothers acted as the mother and friend of the said E. A. Allcorn, and represented to the payee of said note that she would see the same paid; that she desired to obtain a stage route for her said son, and that she was fully authorized to act for herself in the long and necessary absence of her husband from the State, he being in the Confederate army," &c.

From the statement of facts it appears that the only evidence submitted to the jury on behalf of the plaintiff below was the note and the indorsements thereon described in the petition. On behalf of the defendants it was proved that said E. A. Carothers was a married woman at the date of said note; that her husband, R. J. Carothers, was still living; was a farmer, residing in said county of Washington, and when said note was executed was possessed of ample means; that some time in the fall of 1863 he made one or two trips to the Rio Grande with his wagons for family supplies. The witness, however, was unable to state whether he was absent October 29, 1863, when said note was executed. The evidence further shows that said R. J. Carothers joined the Confederate army about the first of January, 1864, and shortly afterwards went with his company to the Rio Grande, and did not return home until the close of the war. It was also shown that

Mrs. Carothers was possessed of considerable property in her own right.

Defendants' exceptions to the petition seem not to have been called to the attention of the court. There was a general verdict and judgment in favor of the plaintiff against all of the defendants. From which defendants, E. A. Carothers, joined by her husband, R. J. Carothers, and Testard, prosecute their writ of error.

It is unnecessary for us to give any special consideration to the errors assigned in the record. We think it quite obvious that there are at least two errors apparent upon the face of the record going to the foundation of the action, for which the judgment must be reversed.

Whatever may be the nature or character of a demand against a married woman, it is a well-settled general rule that her husband must be joined in the action. If in any case he need not be made a party, certainly the facts and circumstances which excuse his being joined in the suit must be alleged and shown in the petition. In this case the coverture of Mrs. Carothers is distinctly averred in the answer. And although it is not done in an altogether unexceptionable manner, no objection was taken to the answer in this account. The plaintiff, on the contrary, by an amendment to his petition, in effect admitted her coverture, and seeks to maintain the action, not by making the husband a party, or by stating any reason why this is not done, but merely by attempting to show, although she was a married woman when the note was given, still it was a valid contract, and such an one as she was authorized to make. This might be true. Still it would afford no ground for an action against her without the joinder of her husband as a defendant in the suit.

But neither the matters alleged in the petition nor the evidence adduced upon the trial warrant the conclusion that Mrs. Carothers was in fact authorized to execute a valid and binding contract, either in her own behalf or as

the representative of the community estate of herself and husband at the date of said note. The only evidence submitted to the jury by the plaintiff was the note with its indorsements. There was no attempt to prove that the contract alleged to have been made by Mrs. Carothers was for the benefit of her separate estate or in any way whatever for her advantage.

In Wright *v*. Hays, 10 Tex., 130, and Fullerton *v*. Doyle, 18 Tex., 3, and subsequent cases, it is held, if the husband totally abandon the wife, or leaves her for a number of years to discharge the duties and meet the responsibilities of a *feme sole* or the head of the community, she acquires thereby the right to manage, control, and dispose of the community property, as well as her separate estate, without his joinder or consent. And under like circumstances she would no doubt be fully authorized to bind herself by contracts such as that upon which this suit is brought. Certainly, however, the court has in no case gone so far as to intimate that a married woman may bind her separate estate or the community property by her promissory note, given for the purchase of land, on the bare fact of "the long and necessary absence of her husband from the State in the Confederate army." But even this averment is not supported by the evidence. From the statement of facts it appears if the note was given during the husband's absence from home, it was while he was on a trip from his home in Washington county to the Rio Grande for family supplies and before he joined the Confederate army. That a mere temporary absence of this sort does not of itself devolve upon a married woman the responsibilities and duties of *feme sole*, and will not authorize her to contract and bind herself as such, is too plain for discussion.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.