## B. R. DAVIS & BRO. v. ABBEY C. SALADEE ET AL.

### SUPREME COURT, AUSTIN TERM, 1882.

*Husband and wife—Separation and abandonment— Wife's power to bind separate estate.*—If the separation between husband and wife is final, whether the husband abandons the wife, or the wife abandons the husband, she has full power over her separate property and to contract respecting the same.

Appeal from the District Court of Falls county.—August 20, 1875, Davis & Bro. brought this suit against appellees upon a note made by Abbey Thompson, now Abbey Saladee, to appellants. Appellees demurred upon the ground of the coverture of the said Abbey at the time the note was made. Appellants met this with the allegations that at the time the note was made she was living separate and apart from her husband and managing her business as a *femme sole*.

The evidence was to the following effect:

"In 1867 Mrs. Saladee married Thompson, they separated in 1872, and have not lived together since that time, her business being managed exclusively by her agent. In 1874, during this separation, she made the note in suit for a bill of furniture purchased of appellants. She was divorced from Thompson January, 1875, and married Saladee. Upon these facts the court gave judgment against appellants, from which they appealed and claim that the judgment should have been in their favor for the amount of the note and foreclosure of their attachment lien."

Opinion by Watts, J.—Both the pleading and evidence show that at the time of the execution of the note sued on, the appellee, Abby C. Saladee was living separate and apart from her then husband, Cyrus Thompson; that they had been thus living separate and apart for about two years a the time the note was executed, and that they never lived together afterwards, but that soon after the note was given, she was divorced from Thompson and intermarried with Saladee. It appears that from 1872 to her marriage with Saladee, 1875, she was managing and controlling her own business as a *femme sole*, and that the note in suit was executed by her for a bill of furniture she had purchased of appellants.

In the case of Caruthers v. McNeal, 43 Texas, 224, the court said: "In Wright v. Hays, 10 Texas, 130, and Fullerton v. Doyle, 18 Texas, 3, and subsequent cases, it is held, if the husband totally abandons the wife, or leaves her for a number of years to discharge the duties and meet the responsibility of a *femme sole*, or the head of the community, she acquires thereby the right to manage, con-

trol, and dispose of the community property, as well as her separate estate, without his joinder or consent. And under like circumstances she would no doubt be fully authorized to bind herself by contracts such as that upon which this suit is brought."

If, as in this case, the separation of husband and wife is permanent, the circumstances of such separation would be immaterial on a question of her power to bind her separate property by contract. In such a case, whether the husband has abandoned the wife or the wife abandoned the husband, is a matter of no consequence. If the separation is final, she has full power over her separate property and to contract respecting the same. By an unnecessary abandonment of her husband, she might forfeit her homestead and other such rights, but no court has ever intimated that she would thereby loose any right to or interest in her separate property.

Under the facts of this case, we are of the opinion that the note was binding upon Mrs. Saladee, and that her separate property was bound for the same.

Our conclusion is that the judgment of the court below ought to be reversed, and such judgment be rendered by the Supreme Court as ought to have been rendered by the court below.

Report of Commissioners of Appeals examined, their opinion adopted, judgment reversed and rendered.—GOULD, C. J.