THE HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. URSULA LACKEY.

No. 1402.

**1.  Pleading—Damages.**

In seeking to recover damages that arise from a nuisance a general allegation may admit proof of all damages that are necessary results of the act committed, such as depreciation in value of the use of property occasioned by the nuisance; but where the only damages claimed in the petition are special, as where a dressmaker in front of whose residence cars had been allowed to stand claimed loss of trade and inconvenience from obstruction of air and view, recovery will be limited to the damages alleged; and it was error in such case to give as the measure of damages the depreciation in the value of the use of the property.

**2.  Nuisance—Joint Wrongdoers.**

All parties who participate in creating a nuisance are liable not only for the.

immediate consequences of the original act but for the consequences resulting from its continuance.

### 3. Railway in Street—Obstruction Controlled by City.

A railway company having its track in a city street placed cars loaded with material for waterworks which the city was constructing upon a side track in front of private premises where they were allowed to stand and constitute a nuisance. The side track, and the cars while on the same, were controlled and the track was owned by the city and the cars were placed thereon by its direction. Held: That the railway company, having placed the cars there was liable for damages caused by the city suffering them to remain.

### 4. Husband and Wife—Abandonment—Community Property.

A wife, who has been for four years abandoned by her husband, living upon the homestead which is community property, may, her husband refusing to join in the action, sue for and recover damages done to such community property by a nuisance: authorities reviewed.

### 5. Same—Evidence.

The wife may in such proceeding testify to such abandonment for the purpose of showing her right to sue, the statute prohibiting testimony by husband or wife in divorce proceedings having no application to such a case.

APPEAL from District Court of Travis County. Tried below before Hon. JAS. H. ROBERTSON.

*Frank Andrews,* for appellant.—1. The court erred in overruling the defendant's general demurrer to plaintiff's original petition, for that said original petition was wholly insufficient in law for plaintiff to maintain any action on, in that it made no certain allegations of damages or injuries to the plaintiff, and set up no facts by which the court or jury could determine the reasonable measure of damages, if plaintiff had been damaged at all, and the elements of damages alleged were too remote to sustain any action, and said petition was vague, indefinite and uncertain in its allegations, and was wholly insufficient to set forth any cause of action.

2. A married woman not divorced from her husband cannot maintain an action for the recovery of damages to the community estate. Rice v. Railway, 27 S. W. Rep., 921; Railway v. Goldman, 28 S. W. Rep., 267; Ezell v. Dodson, 60 Texas, 331; Murphy v. Coffey, 33 Texas, 509; Reddin v. Smith, 65 Texas, 26.

3. The pleading may be amended under leave of the court upon such terms as the court may prescribe, before the parties announce themselves ready for trial, and not thereafter. Rev. Stat., art. 1192; Acts 21st Leg., Gen. Laws, p. 9; Heflin v. Burns, 70 Texas, 351; Harris v. Spence, 70 Texas, 619.

4. The trial amendment filed by plaintiff contained no certain allegation of damages; it stated no facts by which any measure of damages could be ascertained by the court or the jury in so far as the petition was concerned, and it showed upon its face that the elements of damages alleged and sought to be recovered were too remote, indefinite and uncertain to create any liability against the defendant, and the exceptions thereto should have been sustained. 1 Suth. Dam., 49, 51, 52, 55, 58; Turner v. Strange, 56 Texas, 142; Jones v. George, 56 Texas, 149; Rains v. Herring, 68 Texas, 473; 73 Texas, 32.

5. The court erred in suggesting and permitting the plaintiff to file a trial amendment in this cause after both parties had announced ready for trial, and the plaintiff had proceeded with the introduction of her testimony, for that: if the plaintiff had a legal right to file an amendment at such stage of the proceedings, it was error upon the part of the trial court to suggest such a course of procedure to the plaintiff's counsel. Revised Statutes, art. 1192; Harris v. Spence, 70 Texas, 619.

6. The court erred in permitting the plaintiff, Mrs. Ursula Lackey, to testify, over the objection of defendant, that her husband had abandoned her more than four years ago, for that the plaintiff and her husband were not divorced and she was not competent to testify concerning the abandonment of herself by her said husband. McGowen v. McGowen, 52 Texas, 657; Endick v. Endick, 61 Texas, 559.

7. The testimony in this case showed conclusively that the piping referred to in plaintiff's petition was consigned to the board of public works of the city of Austin, of which John McDonald was president, and also mayor of the city of Austin; that the piping was delivered to the consignee on board the cars in defendant's yards in the city of Austin; that at the special instance and request of the said McDonald, in his official capacities, and for the convenience of said city, said cars were switched on to the dummy line, or dam railroad track, for the purpose of being unloaded by said city or said board of public works; that said city owned and controlled said dummy line, or dam railroad track, and had exclusive control of the cars standing on said track in front of plaintiff's residence, and the defendant is not therefore liable for any damages occasioned to plaintiff by reason thereof; and the court should have so charged the jury.

8. The defendant having delivered the piping on board the cars, to the consignee, in its yards in the city of Austin, and having subsequently, at the request of proper officers of the city of Austin, switched said cars on to the dam railroad track, which was owned by the city of Austin, for the convenience of said city and for the purpose of being unloaded, and having no control over said cars while they stood there, it was not liable to plaintiff for any damages resulting to her by reason of said cars standing in front of her premises.

9. The evidence in this case, as shown by the record, will not support a judgment for seventy-eight dollars, under the law applicable to the case, nor under the charge of the court, and motion for new trial should have been granted, because the judgment rendered is excessive.

FISHER, CHIEF JUSTICE.—*Opinion.*—This is a suit by Mrs. Ursula Lackey, a married woman without joinder with her husband, against the appellant for damages arising from placing cars on a side track in front of her residence and thereby preventing the south breeze from entering her house and obstructing the view in front of her house, from this and from the inconvenience and annoyance therefrom she claims

damages in the sum of six hundred dollars, and also claims one hundred and fifty dollars as damages on account of loss she sustained in her business as a dressmaker by reason of the proximity of said cars and the obstruction that resulted therefrom. Judgment below was rendered in her favor for $78.

There is an error apparent upon the face of the record which calls for a reversal of the judgment below. The trial court in its charge to the jury on the measure of damages that should govern instructed them to find what sum, if any, the evidence may show was the difference in the market value of the use of the property during the time the cars stood in front of plaintiff's house and what it would have been during said time if the cars had not been at said point.

The charge of the court was in keeping with the evidence upon the subject of damages as the proof was restricted to what if any was the difference in the value of the use or rent of the property during the time of the obstruction, and what would be its value if such obstruction or nuisance did not exist. There were no pleadings asking for damages in this respect and all that was claimed were the items previously stated. Submitting to the jury the value of the use of the property as an item of damage which they may allow when such item was not claimed or sought to be recovered in the pleadings was fundamental error. Railway v. Vieno (26 S. W. Rep., 230), 7 Texas Civ. App., 348. And see also Lewis v. Hatton, 86 Texas, 534, where the rule is fully stated concerning the certainty required in stating and pleading a cause of action.

In seeking to recover damages that arise from a nuisance a general allegation of damages may admit proof of all damages that are the necessary results of the act committed. And we may concede that in this case the depreciation if any in the value of the use of the property occasioned by the nuisance was a natural and necessary consequence of it (Comminge & Geisler v. Stevenson, 76 Texas, 643), and may be recovered as general damages, but here the plaintiff did not seek or ask for a recovery of general damages, but in her pleadings restricted her claims solely to the items of damages that resulted from the loss to her trade as a dressmaker and that arose by reason of the annoyance occasioned in leaving the cars in front of her residence and in obstructing the view and shutting off the breeze. The prayer for damages is confined to these items. In view of another trial we desire to say that we are of the opinion that the court in its charge presented the correct rule as to the measure of damages that govern in this case. In other words, the rule that the court gave is the general one—76 Texas, 643 supra—but we do not desire to be understood as holding that this rule upon the measure of damages is exclusive in cases of this character; for an additional recovery, in the nature of consequential or special damages, may be permitted in this class of cases when they are specially pleaded if warranted by the facts. If upon another trial the plaintiff seeks to recover damages sustained in addition to the depreciation in the

value of the use of the property the items of such special damage should be set out with particularity and certainty.

Under this ruling, as the case will go back for another trial, we will notice some of the questions that are called to our attention. It is contended that the court erred in permitting Mrs. Lackey to testify that her husband abandoned her more than four years ago. The statute that prohibits husband and wife in divorce suits from testifying to facts relied upon as grounds for divorce has no application to cases such as this. The testimony was for the purpose of showing the existence of circumstances that would authorize the wife to sue alone for damages to the common property without joining her husband. If the pleadings authorized such evidence it was not objectionable for the reasons assigned:

There was evidence tending to show that the appellant placed the cars upon the track in front of plaintiff's residence under the instructions of the authorities of the city of Austin and that it ceased after said time to have any control over the cars or the track upon which they were located, and that they were continued there by the city and not the appellant, and that the city owned the track upon which they were stored. The appellant does not deny that it placed the cars upon the track in question, but did so upon the order of the city, the owners of the track. By reason of these facts the appellant contends that it is not liable for the nuisance, if any, that arose by reason of continuing the cars where they were placed by it. That if liable at all it is only for the damages that resulted upon placing the cars in front of plaintiff's residence and not for what may have arisen after that time by the city continuing them there. The general rule is that all parties who participate in creating a nuisance are liable for not only the immediate consequences but for all that may naturally and proximately follow. The appellant being a party to the original act from which the nuisance with its consequences resulted is as much liable as those who subsequently continued it. 16 Am. & Eng. Encycl. Law, 979 to 981; Comminge v. Stevenson, 76 Texas, 646; 2 Wood on Nuisance, 3rd edition, pages 1249-1250 and 1264. There was no error in refusing the charges requested on this branch of the case, nor was there error in giving the charge complained of.

The appellant demurred to the petition on the ground that the plaintiff could not sue for damages which were the community property of herself and husband. That the right of action was in the husband alone and that the wife cannot sue except in exceptional cases and which was not shown by the petition in this cause. The petition avers that the property in question, her residence, was occupied by her as her homestead and that she neither owns or controls any other property and that it belonged to her and her husband, and that she and her husband have not lived together for five years and that he had abandoned her and that he refused to join her in this suit. It further appears from

the averments of the petition that the plaintiff is a dressmaker "and works hard to support herself and two children."

In Railway v. Gillum, 30 S. W. Rep., 698, the wife alone sued and alleged as a reason therefor that her husband had abandoned her. The court held that the averment that the husband had abandoned her was equivalent to a charge that he had deserted her and that the word "abandoned" in the pleadings was used in that sense and held that she could sue.

In Woodson v. Massensburg, 22 S. W. Rep., 106, the wife who was abandoned by her husband sold community property in order to discharge it of a lien. It was held valid. In Carothers v. McNese, 43 Texas, 224; Slator v. Neal, 64 Texas, 222; Zimpleman v. Robb, 53 Texas, 280; Wright v. Hays, 10 Texas, 130; Cheek v. Bellows, 17 Texas, 613, and Fullerton v. Doyle, 18 Texas, 13, and probably other cases it is in effect held that if the husband has deserted the wife and permanently abandoned her she may dispose of the community property. Black v. Black, 62 Texas, 298, was a case in which the husband had abandoned the wife, she sued to recover community property and also for damages for its detention or rent. It was held she could maintain the action.

In Cullers and Henry v. James, 66 Texas, 495, the appellant levied upon property that was used by James and wife as their homestead and also upon other exempt property for a debt due them by the husband. The officer making the levy took possession of the property. The wife, Mrs. James, intervened and sued for damages for the use and value of the property and asked that she be permitted to recover because she had been permanently abandoned by her husband and since then he had contributed nothing to her support. The court in holding that she may maintain the action, said: "At common law the civil as well as the natural death of the husband restored to the wife her rights and powers as a feme sole, if she was thus deprived of the benefits of marriage. Wheat. Selw., title, Baron and Fem.

In Texas, practically, the protection and the disability of marriage have been linked together, and the wife when deprived of the one has been released from the other. Ezell v. Dodson, 60 Texas, 331, and cases cited. Humanity requires that, when thrown upon her own resources by the abandonment of her husband or by his lunacy or imbecility, she shall be unfettered in her struggle for existence and independence. Here her separate being has not merged in her husband as at common law, but as far as it could be done consistently with the preservation of the home and family, she has been disenthralled. She has equally with her husband an interest in the community property; and whilst her husband is the managing partner, and may assert his prerogative as long as he exercises it in good faith, yet certainly when he abandons the wife and their property, there can be no principle in our law or practice which would prevent the wife as a party in interest from asserting her rights in the courts. The husband has abdicated his authority and by that act enabled the wife to appear in court in her own name and right.

The property out of which this litigation arose was not only community property, but was claimed to be exempt from forced sale. Mrs. James, therefore, had in it a special interest which the husband could no more sacrifice by abandonment than he could otherwise dispose of without her consent. The statute, which requires the court to appoint counsel for a defendant cited by publication, is to prevent frauds upon the court and is in the interest of a pure administration of the law, and has not the effect of depriving the wife of the defendant of any right or remedy the situation otherwise accords her. We conclude that the court did not err in allowing Mrs. James to intervene in the suit and assert her right to recover of the plaintiffs the value of any exempt property wrongfully converted by them."

It may be noted that some of the cases decided in this State that authorize the wife to dispose of the community property rest not alone upon the fact of abandonment by the husband but the fact that the sale was also made because it was necessary to the support of herself and family. The theory of these cases is that the husband although he. violates his duty in abandoning his wife and deserting her does not lose his beneficial interest in their common property, and that she will not in view of his authority to control and dispose of it be permitted to convey it unless under circumstances that would require this to be done in order to preserve and protect the property or in order to provide for her necessary wants. It is unnecessary for us to decide in this case whether this extreme view of the law is or is not correct in cases of a conveyance or disposition of the property by the wife, for upon facts and principle the case before us is different. The wife in this case is not undertaking to dispose of the common property but to recover it, or, in other words, damages to it from a stranger. The husband who has abandoned the wife refuses to do this, and, as in effect stated in the petition, he has left her without a support and she must gain one by her own exertions.

There is a vast distinction between a conveyance by the wife of the common property and a recovery of it from a stranger who is not entitled to it. In the one case the husband may be deprived of his interest in the property, but in the other a recovery by the wife would be a benefit to the common estate and in the nature of a preservation of the property and a result favorable to the husband as well as the wife. For the husband in such a case would be entitled as well as the wife to the beneficial results that would follow from a judgment in her favor, the same as would exist in favor of the wife if the husband should recover what they in common were entitled to. The property in controversy is the homestead of the appellee, and in so far as damages resulted to its beneficial use or enjoyment, a depreciation of its rental value was in a measure an injury to the homestead. She being in possession of the homestead and enjoying it as such it cannot be seriously questioned, especially in view of the rule announced in Cullers & Henry v. James supra, that if her possession or homestead rights were invaded or dis-

turbed by trespassers she when abandoned by her husband could resort to remedies to protect her interest and rights in the premises. If the right exists in her in such a case logically it would follow that she should be permitted to recover such damages as she has sustained that arise from a depreciation in the value of the thing she was entitled to use and possess, and to recover damages that arise from acts and conduct that tended to deprive her of the beneficial and useful enjoyment of the thing she is permitted to use and enjoy.

But independent of this ruling and admitting there is a leaning of authorities towards the extreme view insisted upon by appellant to the effect that before the wife can sue alone to recover the community property there must not only be an abandonment of her by the husband, but there must also be a necessity for the action—still we think the case made by the petition in effect comes within that rule. It is averred that the husband abandoned the wife, which in effect is equivalent to an allegation that he deserted her. Railway v. Gillum supra, and in effect it appears that he has not contributed to her support, and that she has no property other than her homestead, and that she relies upon her labor to support herself and children. These facts bring her condition within the rule that permits her to sue as laid down in those cases that go to the extreme in restricting the rights of the wife to sue or of disposing of the community interest of the husband. Judgment reversed and cause remanded.

*Reversed and remanded.*

Delivered January 22, 1896.