CHICAGO, R. I. & G. RY. CO. et al. v. NICHOLSON et al.   (No. 7660.)

(Court of Civil Appeals of Texas. Dallas. Jan. 6, 1917.)

1. RAILROADS ☞253—BLOCKING CROSSING—DAMAGES.

In action for damages for blocking farm crossing with a train of cars for 8½ days, plaintiffs could recover damages for melons pulled and partly loaded to take to market, and for exposure of oats to rain because they could not be taken up, and for increased expense necessitated in carrying water to stock and in working his crop; there being evidence of such damages.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 732, 733; Dec. Dig. ☞253.]

2. RAILROADS ☞253—BLOCKING CROSSING—DAMAGES.

In such action, the measure of damages was the difference, if any, between the value of the use of the farm during the period of time the crossing was blocked, and the value the use of the farm would have had if there had been no such blockade.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 732, 733; Dec. Dig. ☞253.]

3. RAILROADS ☞253—BLOCKING CROSSING—DUTY TO MITIGATE DAMAGES.

Where plaintiff's farm crossing was blockaded by a train for 8½ days, he was not negligent in not preparing a crossing to go around

the obstruction, since he could naturally expect the obstruction would be removed at any time.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 732, 733; Dec. Dig. ☞253.]

Appeal from Dallas County Court; T. A. Work, Judge.

Action by Joseph Nicholson and others against the Chicago, Rock Island & Gulf Railway Company and others. From judgment for plaintiffs, defendants appeal. Affirmed.

Lassiter, Harrison & Rowland, of Ft. Worth, for appellants. George Clifton Edwards and Nat. L. Hardy, both of Dallas, for appellees.

RAINEY, C. J. The appellees sued appellant to recover damages caused by the blocking of a private crossing of its track running through appellees' farm. Appellees' petition, in effect, alleged that appellant's track divided the farm, cutting off 23 acres on the south, on which were their house, barns, and well, and on the north 80 acres on which were their oats, cotton, melons, and hogs. The crossing was blocked in July, 1915, for about 8½ days with a train of cars, loaded with gravel, which made it impracticable for appellees to cross the track with their teams and wagons and cultivators to cultivate the 80 acres and move therefrom the products that were ready for market. The damage alleged was as follows:

"(1) The loss of two loads of melons which had already been pulled and partly loaded to take to market that day; (2) damage by being compelled to leave in the field, exposed to rain that came up during that period, 300 bales of oats, said damage being $105.00; (3) damage by being compelled to carry water to stock during said period, $4.00; (4) and damage by being compelled to use hands instead of horses and plows at a time when every hour's delay was serious, $100.00."

It was further alleged:

"That there was no way by which plaintiffs could avoid the damages to which they were subjected, and that they did all in their power to lessen them; that they made complaint as soon as the crossing was blocked, but that the only answer they got from the railroad company was that they would move the train when they got ready; that this crossing is a private crossing established by defendant when road was built; and that it was then and there the duty of the company to keep it open and passable for plaintiffs."

Appellant answered by general denial, and specially that appellees were negligent in not lessening the damage which could have been done by proper effort, and with slight expense, and further:

"This defendant further says that the farm in question was owned by Joseph Nicholson in fee simple before the railroad was built through it; that this defendant company by condemnation proceedings in the county court of Dallas county, Tex., acquired a right of way through said farm; that, after the construction of said railroad, said Joseph Nicholson had, and still has, a private crossing and way for the purpose of passing from one part of his said farm to the other; that, if at any time his said cross-

ing and way should by the act of this defendant railway company or its employés or lessees become obstructed for any unreasonable length of time by cars or other objects, he had the legal right to remove such obstruction himself or make use of the railroad right of way for the purpose of going around or avoiding such obstructions; that, if the crossing was obstructed as claimed, still plaintiffs, with small trouble and trifling expense, could have saved themselves from anything more than merely nominal damages by making use of the available means and opportunities to obtain access from said farm to their houses and to the public roads leading to the city of Dallas; that if plaintiffs sustained any damage whatever, which this defendant does not admit, the same was wholly unnecessary, and plaintiffs could and should have avoided the same by the use of the means and opportunities above referred to. Hence plaintiffs are not entitled to recover herein."

The material allegations of the appellees' petition are supported by the evidence. A trial resulted in a judgment for appellees, from which this appeal is taken.

[1] The first assignment of error presented by appellant is, in effect, that the court failed to instruct the jury as to the proper measure of damages, thereby leaving the jury without any definite guide for arriving at the proper amount of damages. On this subject the court charged the jury as follows:

"If you find and believe from the evidence that the defendants failed to maintain and keep such good and adequate passageway for the use of plaintiff in passing from one part of his farm to the other; and that such failure, if any, to maintain and keep open such good and adequate passageway for the use of plaintiff, was the direct and proximate cause of the loss and damage, if any, that plaintiff suffered in the loss of his melons, if any, and in the decreased value, if any, of his oats, and in the increased expense, if any, to which he was subjected in carrying water to his stock and in working his crop, then, unless you find for the defendant under another provision of this charge, you will find for the plaintiff such a sum as will compensate him for such loss and damage, if any, that he has suffered, not to exceed the amounts prayed for for each item."

The petition set out the particular manner as to how appellee's damages accrued and the amount sustained. The charge correctly pointed out the items of damage for which appellee was entitled to recover under the evidence.

[2] There was no claim by appellee that the farm was permanently damaged; hence there was no error in not charging the jury, as requested by appellant, that the measure of damages "is the difference, if any, between the value of the use of the farm during the period of time the crossing was blocked by cars, and the value that the use of said farm during the same period would have had if such crossing had not been blocked." The damages alleged by appellee were the injuries caused to farm products by reason of appellee not being able to remove them from the farm, in being put to extra expense in getting water to stock and caring for his oats and working his cotton crop. He was entitled to just compensation for his loss, and the court's charge afforded a sufficient guide for ascertaining the damage.

The following authorities bear upon and support the rule we have here announced: Baugh v. Railway Co., 80 Tex. 56, 15 S. W. 587; Railway Co. v. Schofield, 72 Tex. 496, 10 S. W. 575; Railway Co. v. Lackey, 12 Tex. Civ. App. 229, 33 S. W. 768.

[3] The contention of appellant is that the evidence shows that appellees were derelict in their efforts to lessen the damage occasioned by the blocking of the crossing. This question was properly submitted to the jury by the charge of the court, and we think the verdict of the jury is supported by the evidence. The appellant in utter disregard of appellees' right blocked the crossing for the period of 8½ days. Appellees naturally expected the obstruction would be removed upon notice within a reasonable time, or at any time; so anticipating, it could not be expected that they would go to the trouble and expense of preparing a crossing to go around the obstruction. Under all the circumstances of this case, we think appellees were not negligent in not attempting to lessen the damages to their property.

Believing appellant has had a fair trial and that justice has been done, the judgment is affirmed.