Lipscomb, J.
The charge asked and refused by the court is not sufficiently explicit. And perhaps that of itself would have furnished a sufficient reason for its rejection. If it meant the express affirmative consent of the husband and excluded the consideration of an implied consent arising from the peculiar circumstances of the case, we apprehend that there was no error in refusing to give it in the shape in which it was presented. That it was intended tó be presented in this aspect we believe to he manifest, from the fact that if viewed in a different light it would have had no connection with the evidence embodied in the statement of facts, and would have been a mere abstract question to which the judge could not have been rightfully called on to give a response.
In the view we shall take of the question now under consideration we do not deem it essential to discuss and decide what were the rights and powers of the *255 wife in the control of tier separate property before the passage of the act of the Congress of Texas of 1840 regulating' marital rights. But whatever they were they remained secured to her by that act, because from the evidence it appears that the marriage was consummated prior to that act. But were it admitted that the act of 1840 giving to the husband the management. of the separate property of the wife during coverture was only in affirmance of the law previously in force on this subject., our conclusion would be the same. Such is the relation between husband and wife that she is often called upon to act as his impliedly authorized agent, even in the management of his own property. It could not successfully he contended that if, during the absence of the husband, the wife, left in possession, should call in the assistance of her neighbors in the control of his own slaves, such persons would be guilty of a trespass, although entirely ignorant as to the wishes of the husband. In sueh.case, it is-believed, the consent of the absent husband would he implied. If this view he correct, it would seem to acquire much additional force when applied to the separate property of the wife. If, under certain circumstances, she could exercise a control over the husband’s property, most assuredly she could exercise such power over her own separate property in his absence. It will be recollected' that the suit is brought to recover damages for an alleged trespass, and no question is raised as to the rig-lit of the wife to exercise any control over the property against the will of her husband; and there is nothing in the rejection of the charge asked by the plaintiff at all repugnant to the right of the husband to possess and control that property in a way that he may think most beneficial to the interest of his wife. To attempt to control it in any other way would defeat the object for which the power had been conferred upon him. But the question presented does not in the slightest degree impeach his right to possess- and control the property.
Note 91. — Wright v. Hays, 10 T-, 130; Cheek v. Bellows, 18 T, 613; Fullerton v. Doyle, 18 T., 3; Walker v. Stringfellow, 30 T.. 670; Forbes v. Moore, 32 T, 196; McAfee v. Robertson, 41 T., 355; Kelley v. Whitmore, 41 T., 647; Ann Berta Lodge v. Leverton, 42 T., 18; Sorrell v. Clayton, 42’ T.,188.
There is nothing in the charge given by the court on which a question can. he raised that has not been disposed of by the views we iiave expressed.
Judgment affirmed.