SNIPES et ux. v. MORTON.

(Court of Civil Appeals of Texas. Dallas. Feb. 3, 1912.)

1. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY—RIGHT OF WIFE TO ALIENATE—ABANDONMENT BY HUSBAND.

Where a husband abandons his wife and leaves her in destitute circumstances, she may sell community property other than the homestead as a feme sole.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 931; Dec. Dig. § 267.*]

2. HOMESTEAD (§ 57*)—COMMUNITY PROPERTY—EVIDENCE.

In trespass to try title against a husband and wife, evidence held to justify a finding that the property which the plaintiff claimed under a conveyance from the wife after abandonment of her by the husband was not a part of the homestead of the defendants.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. § 57.*]

3. HUSBAND AND WIFE (§ 270*)—COMMUNITY PROPERTY—ABANDONMENT—EVIDENCE.

In an action of trespass to try title against a husband and wife, evidence held to support a finding that the husband had abandoned the wife so as to clothe her with the rights and powers of a feme sole as respects the sale of community property for her support.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 270.*]

4. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY—DEED OF HUSBAND.

An absolute deed of a husband to community property of himself and wife is sufficient to vest the title in the grantee.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 267.*]

5. APPEAL AND ERROR (§ 1010*)—REVIEW—FINDINGS OF FACT.

Though evidence in trespass to try title may have justified a finding that deeds of the defendants were intended as mortgages, the court on appeal will not disturb the finding below based on sufficient evidence that they were in fact absolute deeds.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982; Dec. Dig. § 1010.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

Trespass to try title by J. E. Morton against Henry Snipes and wife. From a judgment for plaintiff, defendants appeal. Affirmed.

Smith & Kemble, for appellants. Farrar & McRae, for appellee.

TALBOT, J. This is an action of trespass to try title brought by the appellee against the appellants to recover a house and lot situated in the city of Waxahachie, state of Texas. The petition is in the usual form, and the defendants pleaded not guilty; that the defendants were husband and wife; that the premises in controversy were the community property and homestead of the defendants; that the conveyances under which plaintiff claimed title thereto were mortgages; that the defendant Ellen Snipes, on or about the 6th day of May, 1909, without the knowledge and consent of the defendant Henry Snipes, her husband, borrowed from the plaintiff, J. E. Morton, $50 and gave or attempted to give a lien upon the lot described in plaintiff's petition to secure the payment of said sum; that on or about the 28th day of June, 1909, the defendant Henry Snipes, without the knowledge and consent of the defendant Ellen Snipes, his wife, obtained a loan of $75 from the plaintiff and gave or attempted to give a lien upon said lot to secure the payment of same; that plaintiff was never in possession of said lot; but that defendants had occupied the same from the time they borrowed said sums of money; and that neither of them gave or intended to give plaintiff anything but a mortgage on said lot. In reply to the answer of the defendants, the plaintiff filed a supplemental petition, in which he alleged, in substance, that the property in controversy was not the homestead of the defendants; that it had been used for rental purposes for years and was visibly separated from defendants' homestead; that at the date of the conveyance of the defendant Ellen Snipes to plaintiff her husband had abandoned her and left her in destitute circumstances, by reason of which her legal right to deal with the community property of herself and husband had arisen; that under such condition she legally executed the conveyance made by her to plaintiff for the property in question; that her husband, the defendant Henry Snipes, unexpectedly returned thereafter, and by his deed of conveyance, based upon a valuable consideration, ratified and joined in the said conveyance made by his wife. The case was tried by the court without the intervention of a jury, and, without filing his conclusions of fact and law, the court rendered a judgment in favor of plaintiff. From this judgment the defendants appeal.

[1] The record shows that on May 6, 1909, the defendant Ellen Snipes, for a recited consideration of $83, alone executed and delivered to the plaintiff a general warranty deed conveying to him the property in controversy; that said deed was duly acknowledged by her in compliance with the law of this state relating to acknowledgments of deeds by married women; that at the time of the execution and delivery of said deed her husband, Henry Snipes, was absent from the state and did not at that time know of this action of his wife; that a few weeks after the said Henry Snipes left his home he returned, and with full knowledge of the fact that his wife had executed and delivered to plaintiff the said deed of May 6, 1909, made and delivered to plaintiff, on June 28, 1909, without being joined therein by his wife and without her knowledge, a general warranty deed duly acknowledged, conveying said property to plaintiff. These deeds were offered in evidence by the plaintiff, and the defendants' first and second assignments of error complain of their admission. It is contended, in effect, that the evidence showed that the defendant Ellen Snipes was a married woman and was insufficient to show such an abandonment of her by her husband as authorized her to convey their community property for her benefit; that therefore her deed, not having been joined in by her husband, conveyed no title; that the evidence showed that the property in controversy constituted a part of the homestead of defendants, and, as the deed executed and delivered by the defendant Henry Snipes to plaintiff had not been signed by his wife and acknowledged by her as required by the statute relating to the acknowledgments of married women in such cases, the same conveyed no title. Neither of these contentions can be maintained. Under the evidence adduced, it cannot be said, we think, that it conclusively appears either that the property sued for was the homestead of the defendants at the date of the conveyances under which plaintiff claims, or that the defendant Henry Snipes had not so abandoned his wife at the date of her deed to plaintiff as to authorize a sale of their community property for her maintenance and support. On the contrary, we think the evidence sufficient to justify the conclusion that such an abandonment did exist at that time, and that the property did not in fact constitute a part of the homestead of the defendants. This being the state of the evidence, the defendants' theory fails, and the deeds were admissible in evidence. It seems to be well settled that when the husband abandons the wife, leaving her in destitute or necessitous circumstances, her right to sell community property as a feme sole arises. Blanchet v. Dugat, 5 Tex. 507; Cheek v. Bellows, 17 Tex. 613, 67 Am. Dec. 686; Wright v. Hays, 10 Tex. 130, 60 Am. Dec. 200; Fullerton v. Doyle, 18 Tex. 4.

[2, 3] The plaintiff testified touching this matter, among other things, that the defendant Ellen Snipes applied to him for money, telling him that her husband, Henry Snipes, had abandoned her, had run off, took all the

money they had, and left her without anything to go on; that she did not know where he had gone, but had heard that he was in California; that she showed him a quarter of a dollar and said the same was all the money she had; that he believed her statements and would not have bought the property in dispute "if she had not told me these things." It was further shown that Henry Snipes did in fact leave his wife; that he went to California, and was in that state at the time his wife sold and conveyed the property to the plaintiff. The evidence, it is true, was conflicting upon both the question of homestead and the abandonment of Ellen Snipes by her husband; but from it the trial court was warranted in finding, as heretofore stated, that the property in question was not a part of the defendants' homestead, and that conditions existed which clothed Ellen Snipes, the wife, with the rights and powers of a feme sole and with authority to convey as such, under the principle announced in the cases cited. In the case of Wright v. Hays, above cited, as said in Fullerton v. Doyle, supra: "It was in substance decided that where a husband abandoned the administration of the common property, deserting his wife and country, contributing in no mode to the support of the family, reducing the wife to the necessity of providing for them alone, and of taking the care and charge of the common property, such abandonment vested all the rights of disposition in the wife, which could have been exerted by the husband, had he remained in the discharge of his duties and power as husband."

[4] But whether the evidence was or was not sufficient to call for the application of the principle enunciated in the cases cited, still, the evidence being sufficient to justify the finding that the property did not constitute a part of the defendants' homestead, the deed of Henry Snipes was sufficient, if an absolute deed and not a mortgage, to convey and vest the title of said property in the plaintiff, Morton.

[5] Appellants, however, contend that both the deed of Henry Snipes and of Ellen Snipes was intended as a mortgage, and therefore neither operated as a conveyance of the fee-simple title of the land in controversy. That the evidence may have justified such a finding need not be denied, but that it sustains the court's finding that said deeds were absolute fee-simple conveyances and not mortgages cannot seriously be questioned. The testimony of the plaintiff, corroborated by other testimony, facts, and circumstances, is very positive to the effect that neither of said deeds was intended as a mortgage. Being thus supported by substantial testimony, we would not be authorized to disturb the judgment of the trial court. What has been said disposes of all of appellants' assignments of error adversely to their contention, and they

need not be taken up and discussed in detail.

Appellee contends, assuming that the trial court's finding eliminates the issue that the deeds of Henry and Ellen Snipes were intended as mortgages, and further assuming for the purposes of argument that the property conveyed was the homestead of defendants, that all instruments intended to effect a common purpose must be construed together and in reference to each other; that the common purpose intended by the deeds of Henry and Ellen Snipes was a conveyance of the property sought to be recovered in this action; that so construing said deeds, in the light of the facts of the case, it was not essential to the conveyance of said property that Henry Snipes should have signed and acknowledged the deed executed by his wife, Ellen Snipes; that his subsequent deed operated as a ratification of his wife's deed, and the same thereby became a complete and valid conveyance of said property; that, if the wife makes representations investing her with the right and power to convey as feme sole, she will be estopped from denying the truth of such representations to defeat a conveyance made by her, even to a homestead. These contentions are pressed with force and plausibility; but, in the view we take of the case as heretofore indicated, it becomes unnecessary to decide either of these questions. No opinion, therefore, is expressed upon them.

For the reasons given, the judgment of the court below is affirmed.